In re Richard Henry RAY,
et al., Debtors.

WEDGLE & SHPALL, P.C.,
Plaintiff/Appellant,

v.

Linda G. RAY, a/k/a Linda G. Thornsberry, Defendant/Appellee.

Civ. A. No. 91–K–1912.
Bankruptcy No. 90 11047 SBB.
Adv. No. 91 1048 SBB.

United States District Court,
D. Colorado.

Aug. 7, 1992.

Murray Wilkening, Wedgel & Shpall, P.C., Denver, Colo., for Wedgel & Shpall, P.C.

Patrick Wm. Johnson, Hackethal, McNeil & Aucoin, Lakewood, Colo., for Linda G. Ray.

## MEMORANDUM OPINION AND ORDER

KANE, Senior District Judge.

This appeal presents an unsettled issue of law under § 523(a)(5) of the Bankruptcy Code: whether attorney fees awarded to the debtor's former husband in child custody proceedings can be discharged by the debtor in bankruptcy. The appellant, Wedgle & Shpall, P.C., argues that such fees are in the nature of support, and that the bankruptcy court erred in permitting them to be discharged. I agree and reverse.

## I. *Facts.*

The facts of this case are undisputed. In January, 1988, David Thornsberry filed a motion for a contempt citation in Colorado state court, alleging that his ex-wife, debtor Linda G. Ray, had denied him visitation of their minor child. In response, Ray accused her former husband of sexually assaulting the child. In a judgment entered June 23, 1989, the Colorado state court found no evidence of sexual assault and held Ray in contempt of court for failing to allow court-ordered visitation. As sanctions for the contempt, the court modified certain terms of its original visitation order and awarded Thornsberry attorney fees. On March 11, 1991, the court entered a further order, clarifying that fees were imposed primarily under Colo.Rev.Stat. § 14–10–129.5 and, to a lesser extent, Colo. R.Civ.P. 107(d) and finding that the fees were reasonable. The appellant, Wedgle & Shpall, P.C., represented Thornsberry on the motion for contempt.

Ray and her current husband filed for bankruptcy under Chapter 7 of the Code on June 25, 1990. On January 22, 1991, Wedgle & Shpall, P.C. commenced an adversary proceeding against Ray, seeking a determination that the attorney fees awarded to Thornsberry in the state court proceedings were nondischargeable under §§ 523(a)(5) and 523(a)(6) of the Code. Several months later, the firm moved for summary judgment on the § 523(a)(5) claim. In a memorandum opinion dated June 12, 1991, the bankruptcy court denied the firm's motion, ruling that the fees were dischargeable because the state court's purpose in awarding them was to punish Ray and to make Thornsberry whole, not to support Thornsberry. On October 23, 1991, the bankruptcy court certified this ruling as a final judgment. Wedgle & Shpall, P.C. now appeal.

## II. *Merits.*

 The issue in this appeal is whether attorney fees awarded as contempt sanc-

tions in a state court child custody proceeding are dischargeable under the Bankruptcy Code. Section 523(a)(5) of the Code provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
>
> . . . .
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record....

11 U.S.C. § 523(a)(5). Thus, Wedgle & Shpall, P.C. must establish that Ray's debt was "for alimony to, maintenance for, or support of" Thornsberry or the minor child for it to be excepted from discharge under § 523(a)(5). This is an issue of federal, not state, law. *See Sylvester v. Sylvester*, 865 F.2d 1164, 1166 (10th Cir.1989). Nevertheless, reference to state law is appropriate in formulating the federal standard. *See Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 295 (S.D.N.Y.1991), *aff'd*, 964 F.2d 166 (2d Cir.1992); *Holtz v. Poe (In re Poe)*, 118 B.R. 809, 812 (Bankr.N.D.Okl. 1990).

In this case, the bankruptcy court began its analysis with the observation that "[f]inancial need is somewhat of a common thread among cases in which the courts have held such fees to be nondischargeable." (R., Supp. Vol. I, Doc. 9 at 9). The court then focused on Colo.Rev.Stat. § 14–10–129.5 (1987), part of Colorado's codification of the Uniform Dissolution of Marriage Act and the primary provision under which sanctions were imposed.[1] The court noted that, in contrast to the general attorney fee provision of the Act, *see id.* § 14–10–119, which permits the court to award attorney fees "after considering the financial resources of both parties," there was no indication that the fee award provision

---

**1.** Under this section of the Act, if the court finds that a parent has not complied with court-ordered visitation "the court, in the best interests of the child, may issue orders which may include ... [a]warding the aggrieved party, where

appropriate, actual expenses, including attorney fees, court costs, and expenses incurred by a parent because of the other parent's failure to provide or exercise court-ordered visitation." Colo.Rev.Stat. § 14–10–129.5(2)(g).

of § 14–10–129.5 was similarly based on financial need. Therefore, it held that this provision did not independently support characterization of the fees as support.

Next, the bankruptcy court examined the language of the state court's orders for any indication that the fees were awarded to Thornsberry because of his financial need. It concluded that the orders were devoid of any finding that "the attorney fees were so basic and necessary that the visitation and contempt proceeding could not have been initiated without their reimbursement," (R., Supp. Vol. I, Doc. 9 at 11), and that they were instead awarded to make Thornsberry whole and to punish Ray. Since the state court made no finding that Thornsberry was impoverished or required fee reimbursement in order to protect his rights, the court held that the imposition of fees was "too attenuated from the bankruptcy goal of awarding fees to place the parties on an equal financial footing to legitimately determine the best interests of the child involved," *id.* at 13, and could not be considered "support."

■ By focusing only on whether the award of fees addressed Thornsberry's financial need, the bankruptcy court applied the wrong test. The court ignored the language of § 523(a)(5), which extends nondischargeability of debts for alimony, maintenance or support to not only the debtor's spouse or former spouse, but to a *child* of the debtor. It also overlooked the reality that, in most actions involving child support, "the 'parties' to the enumerated actions will be the parents of the child," though it is the best interests of the child that is being litigated. *Deeb v. Morris (In re Morris)*, 14 B.R. 217, 219 (Bankr.D.Colo. 1981) (pertinent inquiry "is whether payment has been ordered in recognition and fulfillment of the debtor's duty to provide for the well-being of his or her child"). Thus, in determining whether attorney fees are nondischargeable under § 523(a)(5), the bankruptcy court should have focused on

the character of the underlying proceedings, not who was to have been paid the attorney fees, since the putative beneficiary of the award is, in fact, the child. *See In re Poe*, 118 B.R. at 811 (attorney fees awarded in the course of divorce decrees or related litigation generally take on the character of the litigation involved); *cf. Hayden v. Farrell (In re Farrell)*, 133 B.R. 145, 147 (Bankr.S.D.Ind.1991) (disparity between financial condition of parties not dispositive of whether an obligation is support).

In this case, the proceedings concerned a dispute regarding visitation which, had the court found evidence of sexual abuse, could have terminated Thornsberry's visitation rights. (*See* R., Doc. 5, Ex. A at 4.) Upon finding insufficient evidence of abuse, the court then imposed sanctions against Ray under § 14–10–129.5. These sanctions included detailed requirements for supervised visitation over the future five months, shifting to Ray the responsibility to pay for the costs of visitation. *Id.* In the sixth month, the terms of visitation contained in the court's original June, 1985 order were to resume. *Id.* The court additionally ordered Thornsberry and the child to undergo mental health therapy, with Ray and Thornsberry dividing the cost equally. *Id.* at 5. The award of attorney fees to Thornsberry was incidental to these other conditions. *Id.*

■ Clearly, the emphasis of state court proceedings was to determine what was in the best interests of Ray and Thornsberry's minor child. That is also fundamental objective upon which the award of sanctions under § 14–10–129.5 is based. *See* Colo.Rev.Stat. § 14–10–129.5(2)(b) ("the court, *in the best interests of the child,* may issue orders which may include ... [m]odifying the previous order *to meet the best interests of the child* ... [and] [a]warding to the aggrieved party, where appropriate, actual expenses ...") (emphasis added).[2] Under these circumstances,

---

2. The bankruptcy court's observation, in footnote 5 of its memorandum opinion, that "the inclusion of this phrase ... seems to be a bit of an anomaly or, at least, inapplicable to subsection (g)," is curious. (R., Supp. Vol. 1, Doc. 9 at 6). Absent clear evidence of contrary legislative intent, courts should give meaning to every word in a statute. *See* 2A Norman J. Singer,

most courts hold that fees "inextricably intertwined with proceedings affecting the welfare of the child," such as custody and visitation, should be deemed support. *In re Peters*, 133 B.R. at 295; *see also Dellapa v. Vazquez (In re Vazquez)*, 92 B.R. 533, 535 (S.D.Fla.1988) (fees awarded in litigation over visitation, custody, contempt and child support nondischargeable); *In re Farrell*, 133 B.R. at 147–48 (holding nondischargeable fees imposed in part to punish debtor for disobeying court order in proceeding to compel return of child); *In re Poe*, 118 B.R. at 812 (fees incurred in child custody litigation exempt from discharge); *York v. Castro (In re Castro)*, 74 B.R. 38, 39–40 (Bankr.M.D.Fla.1987) (attorney fees and litigation expenses relating to debtor's abduction of child and denial of visitation rights held nondischargeable); *Hicks v. Hicks (In re Hicks)*, 65 B.R. 227, 229 (Bankr.D.N.M.1986) (denying discharge of debt for fees awarded in dispute to recover child from debtor who violated custody order); *Rose v. Gedeon (In re Gedeon)*, 31 B.R. 942, 945 (Bankr.D.Colo.1983) (former wife's fees in pursuing custody considered support); *cf. Judge v. Schmiel (In re Schmiel)*, 94 B.R. 373, 379 (Bankr.E.D.Pa. 1988) (dependent child or spouse need only show scant nexus between their maintenance and support and fee award for award to be held nondischargeable). Accordingly, since the underlying character of the litigation between Thornsberry and Ray involved the welfare of their child, fees awarded in that litigation should be considered "support."

Although the decisions are not unanimous on this subject, cases to the contrary rest on questionable logic. For example, in *Adams v. Zentz*, 963 F.2d 197 (8th Cir. 1992), the Eighth Circuit recently reversed a district court decision holding that an award of attorney fees entered in a custody dispute was support. The court premised its reversal on the district court's mischaracterization of the issue as a question of law and not one of fact, relying on

*Williams v. Williams (In re Williams)*, 703 F.2d 1055, 156 (8th Cir.1983). *Williams*, however, involved the interpretation of a court-approved financial and property settlement agreement, drafted by the parties, which provided for the debtor's payment of his ex-wife's attorneys fees.

■ There is no question that the interpretation of provisions of a property settlement agreement for the purposes of § 523(a)(5) is a question of fact which requires the court to determine the parties' intent in reaching such a settlement, often after an evidentiary hearing. *See, e.g. Goin v. Rives (In re Goin)*, 808 F.2d 1391, 1393 (10th Cir.1987). I recently reaffirmed this principle in *Sampson v. Sampson (In re Sampson)*, 142 B.R. 957, 959, 961 (D.Colo.1992). But a similar factual inquiry into the parties' intent does not occur when the bankruptcy court interprets a state court's ruling awarding fees in postdecree litigation over custody or visitation. Thus, characterization of this issue as one of fact is questionable. It is an issue of federal law, to be determined with reference to state law. Therefore, I did not find *Adams v. Zentz* persuasive.

Other courts have used different reasoning in reaching the *Adams* result. Some courts, like the bankruptcy court below, have focused solely on whether the attorney fees were awarded based on financial need. *See, e.g., Fitzpatrick v. Schlitz (In re Schlitz)*, 97 B.R. 671, 674 (Bankr. N.D.Ga.1986); *cf. Seymour Ostrow, P.C. v. Schwartz (In re Schwartz)*, 53 B.R. 407, 411 (Bankr.S.D.N.Y.1985) (holding fee awarding nondischargeable because former spouse was impoverished). Others have held that attorney fees incurred in custody and visitation disputes were simply too far removed from the issue of support to be excepted from discharge under § 523(a)(5). *See Aughenbaugh v. Aughenbaugh (In re Aughenbaugh)*, 119 B.R. 861, 864 (Bankr. M.D.Fla.1990); *Weed v. Lanza (In re Lanza)*, 100 B.R. 100, 101 (Bankr.M.D.Fla.1989)

*Statutes and Statutory Construction* § 47.37 at 284 (5th ed. 1991). Here, inclusion of the phrase "in the best interests of the child" modifies the subsequent listing of possible sanctions,

including attorney fees, that the court may impose upon finding contempt of a visitation order.

(fees for guardian ad litem dischargeable). These cases rest on an incomplete reading of § 523(a)(5) which ignores the statutory language extending nondischargeability to debts for a child's support, and they adopt an outmoded view of what issues are relevant to that support. As the court noted in *In re Gedeon,* 31 B.R. at 945, "it is in the best interests of the children to have custody matters fully and fairly litigated. Insuring this is done is part of the debtor's duty to support his children." Thus, sound public policy supports the nondischargeability of debts for attorney fees in custody and visitation proceedings. Accordingly, I reverse the bankruptcy court's ruling that Ray's debt to Wedgle & Shpall, P.C. was dischargeable.