In re Lynne Mary LOCKWOOD, Debtor.

**Sandy SWARTZBERG and Druck & Swartzberg, S.C., Plaintiffs,**

v.

**Lynne Mary LOCKWOOD, Defendant.**

**Bankruptcy No. 91–07027–MDM.**
**Adv. No. 92–0020.**

United States Bankruptcy Court,
E.D. Wisconsin.

Dec. 11, 1992.

Douglas C. Goeb, Milwaukee, WI, for plaintiffs.

Richard Bisbee, Milwaukee, WI, for defendant.

## MEMORANDUM DECISION

M. DEE McGARITY, Bankruptcy Judge.

### ISSUE

The facts in this case are undisputed, and the issue is straightforward. The question is whether the debtor's portion of a guardian ad litem's fees incurred in proceedings to modify custody of the debtor's minor children is excepted from discharge under 11 U.S.C. § 523(a)(5). This court concludes that it is.

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### FACTS

The debtor and her former husband were divorced in 1987. At the time, they agreed that the debtor be awarded sole custody of their three minor children, and the decree so provided. Pursuant to the percentage standards for child support mandated by Wis.Stat. § 767.25(1j), the former husband was obligated to pay 29% of his gross income as child support.

In 1988, the parties agreed to modify the custody provision by granting both parties joint custody and primary physical placement with the father. Child support was held open.

In 1990, the debtor moved for a change of primary physical placement of the children to her, alleging they had lived with her for the previous six months, and she requested child support of 29% of her former husband's gross income. The plaintiff was appointed guardian ad litem for the minor children when the petition for change of custody was filed. At the conclusion of the proceedings, the debtor and her former husband each agreed to pay one half of his fee, and this provision was included in the order modifying physical placement as the debtor requested and setting the former husband's child support. After credit for payments made to the guardian ad litem, the debtor owes $2,375.86 for the remainder of her share.

The debtor seeks to discharge the guardian ad litem fees owed the plaintiff on the grounds that (1) she is the custodial parent, and 11 U.S.C. § 523(a)(5) makes nondischargeable obligations in the nature of support owed by a noncustodial parent only, or (2) the fees owed the guardian ad litem related only to a dispute over custody and visitation, not child support, since the amount of support is determined by the percentage standards under Wis.Stat. § 767.25(1j).

### DISCUSSION

■ Section 523(a)(5) of 11 U.S.C. excepts from discharge debts that are:

to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

\*    \*    \*    \*.    \*    \*

such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

11 U.S.C. § 523(a)(5)(B).

The burden of proof to establish that a debt is actually for support is on the party asserting the exception to the discharge. *In re Coleman*, 37 B.R. 120, 125 (Bankr. W.D.Wis.1984).

■ Whether a debt is classified as support, and therefore excepted from discharge, is a federal question, not a state law question; however, the function of the guardian ad litem under state law provides guidance in determining how the debt should be treated under bankruptcy law. *In re Laney*, 53 B.R. 231, 235 (Bankr. N.D.Tex.1985); *In re Yarns*, 23 B.R. 370, 371 (Bankr.N.D.Ill.1982); *In re Morris*, 14 B.R. 217, 218–19 (Bankr.D.Colo.1981).

■ Without question, the debtor's obligation to the guardian ad litem arose out of a divorce decree, which was modified after the original decree was entered, thereby fulfilling one requirement of 11 U.S.C. § 523(a)(5). The debtor does not argue that the fees must be payable directly to a spouse or child, since another requirement for nondischargeability under 11 U.S.C. § 523(5) is that the obligation be to the spouse or child. Here, the fees were obviously incurred for the benefit of the children, and this satisfies the requirement. *Laney,* 53 B.R. at 235. Instead, the debtor argues that because she is a custodial parent and not required to pay child support, she cannot be subject to an obligation of the type described in 11 U.S.C. § 523(a)(5).

The fact that the debtor has no separate obligation to pay child support to another person does not mean she is not obligated to support her children and that her share of the guardian ad litem fees is not support. Under Wisconsin law, both parents are equally obligated to support their children to the extent of their ability.[1] This obligation may be fulfilled by payment of child support, as the debtor's former husband is required to do. It may also take the form of providing a home for the children, taking care of their everyday needs, and paying for necessary goods and services for them, as the debtor is no doubt doing. Therefore, the fact that the debtor is not subject to a child support order does not remove this debt from the exceptions to discharge under 11 U.S.C. § 523(a)(5).

■ It is true that most cases addressing the dischargeability of guardian ad litem fees have tended to focus on an obligation of the noncustodial parent. However, in *In re Ray,* 143 B.R. 937, 939–40 (D.Colo.1992), it appears that a custodial parent was found liable for a nondischargeable debt under 11 U.S.C. § 523(a)(5). The debtor in *Ray* was ordered as sanctions to pay attorney's fees incurred by her former husband in enforcing court ordered visita-

tion with their minor child that she had refused to allow. These fees were construed as support and were nondischargeable.

■ The debtor's second argument, that the dispute involved custody and placement rather than support, and therefore should be discharged, also fails. She points out that child support was set by the percentage standards under Wis.Stat. § 767.25(1j). Under that section, the amount of child support is a percentage, depending on the number of minor children, of the noncustodial parent's gross income. These standards are made applicable to revisions of judgments by Wis.Stat. § 767.32(2). However, the percentage standards need not be applied in every case. Wis.Stat. § 767.-32(2m) provides:

> Upon request by a party, the court may modify the amount of revised child support payments determined under sub. (2) [percentage standards] if, after considering the factors listed in s. 767.25(1m) or 767.512(5), as appropriate, the court finds, by the greater weight of the credible evidence, that the use of the percentage standard is unfair to the child or to any of the parties.

If the court finds use of the percentage standards to be unfair, the court determines support based on the totality of the circumstances, including such factors as the financial resources of the child and parents, the needs of each party for support, the standard of living the child would have enjoyed if the marriage had not ended, the time spent with each parent, the cost of day care or other extraordinary expenses, any other factor the court deems relevant in the individual case. Wis.Stat. § 767.25(1m).

Under Wisconsin law, whenever there is a proceeding to modify a child's custody or physical placement, or in any case in which the court has special concern for a child's interests, a guardian ad litem must be ap-

---

1. ... Each spouse has an equal obligation in accordance with his or her ability to contribute money or services or both which are necessary for the adequate support and maintenance of his or her minor children and of the other spouse. No spouse may be presumed primarily liable for support expenses under this subsection.

Wis.Stat. § 765.001(2).

pointed by the court to be the child's advocate. Wis.Stat. § 767.045. As the advocate for the children, it would have been the guardian ad litem's duty to decide whether to allow the percentage standard to be applied without objection or to attempt to prove that another amount was more appropriate. His duty existed notwithstanding the parents' agreement as to support. Even though all of the parties to the debtor's family court proceeding may have been focusing mainly on custody and visitation, the request for child support was part of the debtor's petition and the guardian ad litem was obliged to advocate the children's best interests in determination. Consequently, all of the plaintiff's services were not related to custody and visitation.

The fact that the Bankruptcy Code continues to make a distinction under 11 U.S.C. § 523(a)(5) between support and other issues determined by a divorce decree, or its later modification, is probably not in keeping with modern family jurisprudence.[2] For example, in Wisconsin and probably in most other states, a divorce decree is a bundle of interrelated rights. *See, e.g., Dixon v. Dixon,* 107 Wis.2d 492, 509, 319 N.W.2d 846 (1982). Between the spouses, the property division is a factor in determining maintenance, and the amount of maintenance is a factor in determining property division. Wis.Stat. §§ 767.255(8), .26(3). Adults may or may not continue to have an economic relationship after a marriage dissolves. Even if they do, the economic relationship may have nothing to do with a need for support. For former spouses, the line between nondischargeable support and dischargeable property division is often blurred, but the substantive difference between the two may justify the continued distinction under 11 U.S.C. § 523(a)(5).

Child support does not exist in a vacuum either, but child support is fundamentally different from spousal support. Former spouses often are not economically dependent; minor children almost always are. Both economic and noneconomic factors can be vital to children's interests, and separating these factors is not realistic. Children's welfare is influenced by whom they live with, how much money the family has to live on, where they live and go to school (often dictated by finances), and countless other factors. Children are entitled to legally enforceable noneconomic support (such as visitation) after dissolution of a marriage; adults are not. "Support" for a former spouse is not synonymous with "support" for children, and it is appropriate in the bankruptcy context to recognize that difference. One court concluded that services rendered in connection with a support and custody proceeding "were so inextricably intertwined with the welfare of the children during the litigation that it would be unreasonable to characterize the fee award as anything other than an obligation in the nature of support." *Laney,* 53 B.R. at 235. *See also In re Peters,* 133 B.R. 291, 295–96 (S.D.N.Y.1991), *aff'd.* 964 F.2d 166 (2nd Cir.1992). This court agrees. Therefore, it is not necessary to inquire into precisely how the plaintiff spent his time in performing the services in question. They are all related to the children's support.

■ Granted, some courts still consider noneconomic issues unrelated to support when determining whether fees for a guardian ad litem's services are dischargeable. *See, e.g., Adams v. Zentz,* 963 F.2d 197 (8th Cir. (Mo.) 1992) (whether fees are for custody or support is a question of fact); *In re Lanza,* 100 B.R. 100, 101 (Bankr.M.D.Fla.1989), and *In re Shaw,* 67 B.R. 911 (Bankr.M.D.Fla.1986) (fees relating to custody were discharged); *In re Coleman,* 37 B.R. 120, 124 (Bankr. W.D.Wis.1984) (there is a rebuttable presumption that guardian ad litem fees are for support). Nevertheless, this court is persuaded that virtually all services related to the children's interests, including custody and visitation, also relate to their support.

**2.** *See* Scheible, "Defining 'Support' Under Bankruptcy Law: Revitalization of the 'Necessaries' Doctrine," 41 Vand.L.Rev., No. 1, 1 (Jan.1988).

One court appears to have determined dischargeability of the guardian ad litem's fees based on whether the other parent would be liable for the fees if the debtor discharges the debt. If the other parent or child is not otherwise liable, this reasoning goes, the expense must not be for support and can be discharged. *In re Linn*, 38 B.R. 762 (9th Cir. BAP (Cal.) 1984). Here, the debtor's former spouse would not be liable for any of the debtor's share of the guardian ad litem fee that she is able to discharge, and the fees would be discharged if the *Linn* reasoning were followed. However, the proper focus is what the services are for, not who else is liable, and this court declines to follow that reasoning.

The debtor cites *Matter of Rios*, 901 F.2d 71 (7th Cir. (Ill.) 1990), in support of her contention that services of an attorney that benefit a child may be dischargeable. That case involved discharge of the attorney's fees incurred by the debtor, not her child, in establishing paternity of the debtor's child. Even though the paternity determination might have been beneficial to the child, the attorney was the mother's advocate, not the child's guardian ad litem. The court refused to extend the concept of child support to an attorney hired by the debtor "unless there is some legal obligation to hire an attorney on behalf of the spouse or child." 901 F.2d at 72. Rios was not required to hire her own attorney. In the instant case, Wis.Stat. § 767.045 does require that an attorney be hired to represent the children. Therefore, dicta in *Rios* supports a finding of nondischargeability in this case under § 523(a)(5).

This decision constitutes the court's findings of fact and conclusions of law under Fed.R.Bankr.P. 7052. A separate order will be entered granting judgment of nondischargeability to the plaintiff.

### ORDER

For the reasons stated in the court's decision on this date, it is ORDERED that the plaintiff shall have judgment as follows:

The debtor's debt to the plaintiff is nondischargeable under 11 U.S.C. § 523(a)(5).