In re Richard J. TREMBLAY, Debtor.

Sarah E. HEINTZ, Esq., Movant,

v.

Richard J. TREMBLAY, Respondent.

Bankruptcy No. 93–20157.
Adv. No. 93–2035.

United States Bankruptcy Court,
D. Maine.

Dec. 22, 1993.

---

Sarah Heintz, pro se.

## MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

Plaintiff Sarah Heintz, Esquire, pro se, ("Heintz" or the "Plaintiff") commenced this adversary proceeding in which she asks the Court to rule that attorney's fees owed to her by the debtor Richard J. Tremblay ("Tremblay" or the "Debtor") are non-dischargeable pursuant to 11 U.S.C. § 523(a)(5). As discussed below, this Court holds that the attorney's fees are non-dischargeable.

## I. INTRODUCTION

The facts of this proceeding are not in dispute. In 1991, Heintz was appointed by the New Hampshire Superior Court of Coos County (the "Trial Court") to serve as guardian ad litem and represent the Debtor's six minor children in the Debtor's currently pending divorce proceeding. New Hampshire statute RSA 458:17–a II governs the appointment of a guardian in a marital matter in New Hampshire, and it includes provisions for the court to arrange for the payment of the guardian; in this case the Trial Court ordered that Tremblay was responsible for the Heintz fees in full. As guardian ad litem, Heintz performed numerous duties on behalf of the Tremblay children's best interests.[1] Heintz billed Tremblay $10,-320.92 for guardian ad litem services performed from August, 1991 to April 5, 1993,[2] and she asserts that the amount presently due from Tremblay is $7,599.18.[3]

Tremblay filed for Chapter 7 protection on February 26, 1993. On June 4, 1993 Heintz filed an adversary proceeding in which she asserted that the attorney's fees generated from her services as a court appointed guardian ad litem for Tremblay's minor children constituted "support" and were non-dischargeable under 11 U.S.C. § 523(a)(5).[4]

---

1. Heintz's duties as guardian ad litem included: interviews with both parents; home visits with both parents and the children; writing a recommendation letter to both parties' attorneys regarding what Heintz believed to be in the best interest of the children; preparation of reports to the court, and; participation in court proceedings as a witness and a party advocating the childrens' best interests.

2. On April 5, 1993 the Trial Court ordered that the Heintz fees for work performed from that date forward be paid out of the state supported guardian ad litem fund.

3. Whereas Heintz asserts that Tremblay owes her $7,599.18, in February, 1993, the Trial Court found the debt that Tremblay owes to Heintz to be $3,083.98. Heintz filed with the Trial Court, a motion which is still pending, to clarify the amount she is owed by Tremblay.

4. Section 523 provides in pertinent part:
   "(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
   (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection

## II. ANALYSIS

■ The burden of proof to establish that a debt is non-dischargeable is on the party asserting the exception to the discharge. *In re Lockwood*, 148 B.R. 45, 46 (Bankr. E.D.Wis.1992); *In re Snider*, 62 B.R. 382, 383 (Bankr.S.D.Tex.1986); *In re Coleman*, 37 Bankr. 120, 125 (Bankr.W.D.Wis.1984). Heintz makes two arguments for non-dischargeability: (1) Tremblay's obligation to Heintz for guardian ad litem services is in the "nature of support" pursuant to Section 523(a)(5)(B), and; (2) Though Tremblay's debt would be paid directly to Heintz, and not to Tremblay's children, the debt is still owed "to a child" as Section 523(a)(5) mandates.

### A. Support

■ Heintz asserts that Tremblay's debt to her is in the "nature of support." This Court agrees. The vast majority of cases decided under Section 523(a)(5)(B) have held that an obligation to pay attorney's fees is so tied up with the obligation of support as to be in the "nature of support" and excepted from discharge. *See, e.g., In re Peters*, 133 B.R. 291, 295 (S.D.N.Y.1991) *aff'd*, 964 F.2d 166 (2d Cir.1992); *In re Dvorak*, 986 F.2d 940, 941 (5th Cir.1993); *In re Richard Henry Ray*, 143 B.R. 937, 939 (D.Co.1992); *In re Lockwood*, 148 B.R. 45, 48 (Bankr.E.D.Wis. 1992); *In re Snider*, 62 B.R. 382, 383 (Bankr. S.D.Tex.1986); *In re Laney*, 53 B.R. 231 (Bankr.N.D.Tex.1985); *In re Hicks*, 65 B.R. 227, 229 (Bankr.D.N.M.1986). *But, see, In re Lanza*, 100 B.R. 100 (Bankr.M.D.Fla.1989); *In re Shaw*, 67 B.R. 911 (Bankr.M.D.Fla. 1986). In the instant case, the duties that Heintz performed on behalf of the Tremblay children's interests were in the "nature of support" because support refers to the obligation of a parent to supply necessities. The New Hampshire Court in appointing Heintz as guardian ad litem recognized the necessity of a guardian for Tremblay's children.

### B. To A Child

■ To obtain a finding of non-dischargeability, Heintz must also show that payment is "to a child" as required by 11 U.S.C. § 523(a)(5). Other courts have held, and this Court agrees, that if the obligation is in the nature of support, payment does not have to be made directly to the child to be non-dischargeable under 11 U.S.C. § 523(a)(5), and it may be paid to a third party on behalf of the child. *See, e.g., Snider*, 62 B.R., 382, 386; *In re Morris*, 14 B.R. 217 (Bankr.D.Co. 1981); *Laney*, 53 B.R. at 235. This Court is satisfied that Heintz has met her burden of proving the non-dischargeability of the Tremblay debt for the Heintz guardian ad litem fees.[5]

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.Bky.P. 7052.

An appropriate order shall enter.

### ORDER

Pursuant to a Memorandum of Decision of even date herewith, it is hereby

ORDERED that the guardian at litem fees due Movant Sarah E. Heintz, Esq. by Respondent Richard J. Tremblay are non-dischargeable.

---

with a separation agreement, divorce decree or other order of a court of record ... but not to the extent that—
 ... (B) such debt includes a liability designated as alimony, maintenance, or support,

unless such liability is actually in the nature of alimony, maintenance, or support."

5. This Court leaves the issue of the amount of these fees to the New Hampshire Court.