### In re Kedric STACEY, Debtor.

### Elaine L. BAILLARGEON, Plaintiff,

### v.

### Kedric A. STACEY, Defendant.

**Bankruptcy No. 91–10732.**
**Adv. No. 93–1082.**

United States Bankruptcy Court,
D. New Hampshire.

Jan. 6, 1994.

Elaine L. Baillargeon, Burke & Baillargeon, Gilford, NH, for plaintiff.

Victor Dahar, Manchester, NH, Trustee.

---

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

The narrow issue presented before the Court is the dischargeability of guardian ad litem fees incurred in connection with a divorce decree. In making its decision, the Bankruptcy Court looks only to the facts establishing the appointment of the guardian ad litem and the Superior Court's order charging the debtor for a portion of the fees charged to find if these facts support a finding that the fees were in the nature of support. For the reasons set forth below, I find that guardian ad litem fees are in the nature of support and are nondischargeable under 11 U.S.C. § 523(a)(5).

## BACKGROUND

The facts in this case are uncontested. The relevant history is a follows: A guardian ad litem was appointed in the pre-bankruptcy divorce proceeding of *Stacey v. Stacey* pursuant to a court order issued December 7, 1988 which approved a stipulation between the parties naming the guardian ad litem and agreeing to share the attorney fees equally. On November 3, 1989, the Marital Master approved the recommendation of the guardian ad litem regarding the custody and visitation schedule and the financial support of the two children. From that date forward, the guardian ad litem, who is the plaintiff in this action, has instituted numerous proceedings against the defendant and his former wife in the state court in an attempt to receive payment of fees earned as the children's representative in the divorce.

On March 15, 1991, Mr. Stacey, the defendant in this action, filed a petition for relief under chapter 7 of the Bankruptcy Code. He was granted a discharge on November 8, 1991 and the case was subsequently closed. On June 3, 1993, the Court reopened the case pursuant to 11 U.S.C. § 350(b)[1]. The following day, the plaintiff instituted this adversary proceeding requesting the Court to rule that guardian ad litem fees earned in the context of the Debtor's pre-Chapter 7 divorce and custody proceedings are nondischargeable under 11 U.S.C. § 523(a)(5).

On October 15, 1993, this Court took the matter under submission requesting the plaintiff to submit a certified copy of all orders of the Belknap County Superior Court which defined the guardian ad litem's responsibilities in the divorce matter of *Stacey v. Stacey* and permitting the plaintiff and defendant to submit additional cases relevant to the narrow issue before the Court.

On November 12, 1993, the defendant filed a Motion to Dismiss requesting the Court to deny payment of the guardian ad litem fees due to alleged "prejudice against the Defendant, as a father and fathers in general" which resulted in biased representation of the children in the divorce proceedings. However, as stated in the October 15th order, the issue before this Court is not the quality of the guardian ad litem services, the reasonableness of the fees, or the exact amount owed. The sole and narrow issue before the Court is the non-dischargeability of the fees under 11 U.S.C. § 523(a). The Defendant's motion is not responsive to the issue presented and is hereby denied.

## DISCUSSION

Although exceptions to discharge are to be construed narrowly so that interference with the debtor's fresh start is minimized, the "nature of support" language of 11 U.S.C. § 523(a)(5)(B) should be interpreted broadly in light of the countervailing policy consideration of the needs and financial stability of the family of the bankrupt spouse. *Shine v. Shine*, 802 F.2d 583 (1st Cir.1986). In making its determination, the Court must look at the character and substance of the guardian's responsibilities to determine if the duties are, in fact, "in the nature of support" and therefore within the scope of 11 U.S.C. § 523(a)(5). The character of an obligation is a question of federal law although state law is relevant to the determination.

It is well settled that payments to a spouse, former spouse or child of the debtor made pursuant to a separation agreement, divorce decree or other order of the court which are in the nature of maintenance and support are non-dischargeable under 11

---

1. "A case may be reopened in the Court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).

U.S.C. § 523(a)(5)(B). *Shine v. Shine, supra; In re Johnson,* 144 B.R. 209 (Bankr. D.N.H.1992). Further, the majority rule among bankruptcy courts is that an obligation to pay attorney's fees *of a former spouse* is "so tied in with the obligation of support as to be in the nature of support or alimony" and excepted from discharge[2]. *In re Dutra,* 33 B.R. 773, 775 (Bankr.D.R.I. 1983) (quoting *Romano v. Romano,* 27 B.R. 36, 38 (Bankr.M.D.Fla.1983)); *In re D'Antuono,* 37 B.R. 595 (Bankr.D.Mass.1984). The rational for characterizing attorney fees for the former spouse as in the nature of support logically extends to include attorney fees paid to a guardian ad litem representing the children's interests in a divorce proceeding.

A guardian ad litem is appointed as a party in a divorce proceeding to represent the best interests of the children throughout the proceeding. N.H.Rev.St.Ann. § 458:17–a (1992). The guardian must act both as an advocate for the child and an impartial court official to assist the court in determining the custodial rights of the parents. *Ross v. Gadwah,* 131 N.H. 391, 554 A.2d 1284 (1988). The attorney's fees paid to the guardian are considered an obligation of the parents and are charged proportionally against the parties as determined by the court[3]. N.H.Rev. St.Ann. § 458:17–a–II (1992). Although the monies are not paid *to* the child, they are paid to a third party strictly for the benefit of the child. It is the type of moral and legal obligation parents would normally provide their offspring. Accordingly, I find the debt is in the nature of support and non-dischargeable under 11 U.S.C. § 523(a)(5)(B).

A separate order shall be issued concurrently in accordance with this opinion.

---

**2.** Characterizing attorney fees as in the nature of support is consistent with the underlying purpose of the award to ensure the financial wherewithal of each party to obtain counsel to adequately represent their interests during the divorce proceeding. *In re Kavanakudiyil,* 143 B.R. 598 (Bankr.S.D.N.Y.1992); *In re Peters,* 124 B.R. 433 (Bankr.S.D.N.Y.), *aff'd,* 133 B.R. 291 (S.D.N.Y. 1991).

**3.** In this case the original divorce decree stated the parties would share the guardian ad litem fees equally however repeated failure to pay resulted in an order from the Belknap County Superior Court holding the debtor and his wife jointly and severally liable for the debt. Belknap Cty.Sup.Ct. Doc. No. M–88–086 (dated 3/30/90).