In re Lynda Kyle O'TOOLE a/k/a Kyle O'Toole a/k/a Linda Kyle Theismann O'Toole, Debtor.

Sarah PLEBAN, Plaintiff,

v.

Lynda Kyle O'TOOLE a/k/a Kyle O'Toole a/k/a Linda Kyle Theismann O'Toole, Defendant.

Bankruptcy No. 95–43592–172.
Adv. No. 95–4619–172.

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

March 29, 1996.

Wendell J. Sherk, Creve Coeur, MO, for Defendant.

Kevin L. King, St. Louis, MO, for Plaintiff.

### MEMORANDUM

JAMES J. BARTA, Chief Judge.

At Saint Louis, in this District, this 29th day of March, 1996.

The matter is before the Court on a complaint by Sarah Pleban ("Plaintiff") to determine the dischargeability of a debt owed to her by Lynda Kyle O'Toole ("Debtor") for guardian *ad litem* ("GAL") fees awarded pursuant to a state court order. It is the Plaintiff's contention that GAL fees are in the nature of support for a child and are therefore non-dischargeable under Section 11 U.S.C. § 523(a)(5).

The Debtor has contended that the GAL fees in question are not a debt owed to a child, as required by Section 523(a)(5). The Debtor has argued further that, under the facts of this case, the court ordered apportionment of the GAL fees was in the nature of a property settlement, and that the debt should therefore be discharged.

This is a core proceeding pursuant to Section 157(b)(2)(I) of Title 28 of the U.S.Code. The Court has jurisdiction over the parties in this matter pursuant to 28 U.S.C. Sections 151, 157, and 1334, and Rule 9.01 of the Local

Rules of the United States District Court for the Eastern District of Missouri.

A hearing was held January 22, 1996. Both parties appeared and presented testimony and other evidence on the record. Following the trial, both parties submitted post-trial memoranda of law. The following findings of fact and conclusions of law are based on the record as a whole. These findings and conclusions are the final determinations of the Bankruptcy Court.

The Plaintiff was appointed GAL for the Debtor's minor child by the state court, pursuant to a request by the Debtor. The state court matter was a domestic proceeding concerning the care and custody of the child. The role of the GAL was to represent the interests of the child in this matter by investigating the Debtor's allegations concerning possible abuse by the child's father.

At the conclusion of the domestic proceeding, the state court awarded the Plaintiff GAL fees in the amount of $8,606.25 and ordered the payment of these fees apportioned among the Debtor ($6,885.00), the child's father ($1,540.00), and the paternal grandparents ($181.25). The testimony at the bankruptcy trial indicated that this domestic proceeding was the second instance involving the appointment of a GAL for the Debtor's minor child. The previous investigation was also initiated by the Debtor and was also based on allegations of abuse. The results of the two investigations were similar. No evidence was found to substantiate the Debtor's allegations of misconduct toward the minor child by the child's father.

The relevant Bankruptcy Code section in this matter is Section 523(a)(5), which provides for an exception to the discharge of a debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record".

The Eighth Circuit Court of Appeals has ruled that fees in the nature of maintenance or support for a former spouse or child of the debtor can be non-dischargeable under Section 523(a)(5) even though the fees are to be paid directly to the attorney for the non-debtor party. *In re Kline,* 65 F.3d 749, 751 (8th Cir.1995). The appeals court reasoned that although statutory exceptions to discharge are ordinarily construed narrowly, exceptions to discharge for spousal and child support deserve a more liberal construction. *Kline,* 65 F.3d at 751 *citing Shine v. Shine (In re Shine),* 802 F.2d 583, 585 (1st Cir. 1986). "The policy underlying Section 523(a)(5) ... favors enforcement of familial support obligations over a 'fresh start' for the debtor." *Kline,* 65 F.3d at 751 *citing In re Miller,* 55 F.3d 1487, 1489 (10th Cir.1995).

The question of whether or not GAL fees are presumed to be in the nature of support has not been directly addressed by the Eighth Circuit. The Tenth Circuit has twice looked at this issue and has held that court ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under Section 523(a)(5) as being incurred on behalf of the child, and that the debts were therefore non-dischargeable. *See Miller,* 55 F.3d at 1489; *Jones v. Jones,* 9 F.3d 878, 881–82 (10th Cir.1993). Similarly, the Fifth Circuit has held that GAL services pursuant to a custody hearing were supplied to the child for the child's benefit and support. Thus, the Fifth Circuit ruled that the portion of the GAL fee that the debtor had been ordered to pay was non-dischargeable under Section 523(a)(5). *See Matter of Dvorak,* 986 F.2d 940, 941 (5th Cir.1993). It is generally accepted that fees incurred on behalf of a child, during proceedings that affect the welfare of that child, are deemed to be in the nature of support. *In re Peters,* 133 B.R. 291, 295 (S.D.N.Y.1991).

In the matter being considered here, the Court finds that the services of the GAL in investigating allegations of possible parental abuse are, in fact, services provided to the child for the child's benefit and support, and are therefore not dischargeable under Section 523(a)(5).

The Debtor has urged that the Court use a "totality of the circumstances" test to find that the state court's apportionment of the GAL fees was in the nature of a property settlement. This test weighs the relative wealth and/or income of the parties as an aid in the analysis of whether an award pursuant

to a divorce decree or settlement agreement was in the nature of a property settlement or maintenance and support under federal law. This test need not be considered here because the Court has determined that the award is clearly for the benefit and support of the child. The apportionment of the fees by the state court does not affect the nature of the fee award as support for a minor child.

Pursuant to a request by the Debtor, the Plaintiff was appointed by the state court as a guardian *ad litem* to protect the interests of her minor child. The fees awarded to the Plaintiff were incurred during a post-divorce custody proceeding that concerned the welfare and support of the Debtor's minor child. The Debtor was ordered to pay a portion of the fees by an order of the state court. Therefore, by separate Order, the guardian *ad litem* fees owed by the Debtor are held to be not dischargeable.