**In re Ricardo N. URIARTE**

and

**Ana Graciela Uriarte, Debtors.**

**Lizanne J. CECONI, Plaintiff,**

v.

**Ricardo N. URIARTE**

and

**Ana Graciela Uriarte, Defendants.**

Bankruptcy No. 97–31101(SAS).
Adversary No. 97–3269.

United States Bankruptcy Court,
D. New Jersey.

Dec. 17, 1997.

Stuart D. Gavzy, Edwards Caldwell & Poff, Hawthorne, NJ, for Plaintiff.

Peter J. Broege, Broege, Neumann, Fischer & Shaver, Manasquan, NJ, for Defendants.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by defendants Ricardo Uriarte ("Ricardo") and Ana Graciela Uriarte ("Ana Graciela") (collectively, the "Uriartes" or the "defendants")

for summary judgment and a cross-motion by plaintiff Lizanne J. Ceconi (the "plaintiff") for summary judgment. The principal issue is whether fees owed by a "guardian of the person of a minor" to a guardian ad litem in a custody battle initiated by relatives of such children are nondischargeable under Bankruptcy Code section 523(a)(5) as "support" of the children. The court holds that the obligation to pay such fees is dischargeable in bankruptcy. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I), and (O). The following shall constitute the court's findings of fact and conclusions of law.

### I. FINDINGS OF FACT

On February 3, 1997 defendants filed a petition for relief under chapter 7 of title 11, United States Code (hereinafter the "Bankruptcy Code" or "Code"). Defendants listed plaintiff as a disputed unsecured creditor in their petition. On May 12, 1997 plaintiff filed an adversary complaint against the Uriartes seeking a determination that plaintiff's debt was excepted from discharge. Count one alleged the debt was nondischargeable pursuant to Code section 523(a)(5).[1] Count two alleged the debt was nondischargeable pursuant to Code section 523(a)(15). At a hearing on October 14, 1997, plaintiff withdrew her second count. Therefore, the only issue before the court is whether plaintiff's debt is nondischargeable pursuant to section 523(a)(5).

Defendant Ricardo Uriarte was named guardian of the persons of minors Natalia and Filipe Silva (collectively, the "Silva children" or the "children") in the Last Will and Testament of their father, Basilio Silva, who died on June 16, 1992. Thereafter, certain maternal relatives of the Silva children sued Ricardo Uriarte in the Superior Court of New Jersey for custody of the children. On

---

**1.** Plaintiff's Complaint states, "[t]his is a cause of action pursuant to 11 U.S.C. § 523(a)(2)(5)." Complaint at ¶ 3. Plaintiff makes no other reference to section 523(a)(2) in the Complaint or any other document filed with this court. Furthermore, plaintiff's Pre–Trial Memorandum states, "[p]laintiff relies upon 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 523(a)(15)" and makes no reference to 11 U.S.C. § 523(a)(2). Plaintiff's Pre–Trial Memorandum at 3. As such, this court assumes that either the reference to section 523(a)(2) in the Complaint is a typographical error or that plaintiff has now waived any cause of action under section 523(a)(2).

October 12, 1993 that court entered an order appointing the plaintiff guardian ad litem of the children. The order stated that Ricardo Uriarte and the maternal relatives agreed to share equally the fees and costs for the services of the guardian ad litem. Ana Graciela Uriarte was not a party to the guardianship action and was not subject to the order. On November 6, 1996 the superior court ordered the parties to the guardianship dispute to each pay $5,000 to the plaintiff. Defendant Ricardo Uriarte admits he did not pay this amount. Subsequently defendants filed their chapter 7 petition, and plaintiff filed her proof of claim on May 14, 1997 for $20,657.92 (excluding all unmatured interest)—half the total amount owed her for her services as guardian ad litem.

### Defendants' Position

The defendants argue that summary judgment should be granted for both defendants for different reasons. First, defendants contend that summary judgment should be granted for Ana Graciela because she was not a party to the guardianship dispute and was not named in the order and, therefore, is not liable to the plaintiff. Second, defendants argue that summary judgment should be granted in favor of Ricardo because the plaintiff's claim is not of the type excepted from discharge by section 523(a)(5). Defendants argue that the children are not "child[ren] of the debtor" as required by section 523(a)(5) because Ricardo is only their guardian. They acknowledge that courts have declared debts to third parties that benefit a child to be support, even though payment would not be directly to the child, but claim that these courts have failed to give proper weight to the policy of affording a debtor a fresh start. Defendants further claim that the debt does not meet the definition of support in section 523(a)(5). Defendants contend that 523(a)(5) applies only to debts incurred in the context of matrimonial or divorce proceedings and not to a guardianship dispute under a will.

### Plaintiff's Position

Plaintiff argues that she is entitled to summary judgment because the fee for her services as guardian ad litem is a debt "to a child of the debtor," incurred for "support" of the child and "in connection with ... an order of a court of record" as required by section 523(a)(5). Plaintiff argues that because the children are in the physical custody of defendant Ricardo Uriarte as their legal guardian they are the "child[ren] of the debtor." Plaintiff relies on N.J. STAT. ANN. § 9:3–38 which defines a child as "a person under 18 years of age" and custody as "the general right to exercise continuing control over the person" as support for her argument. Plaintiff contends that because Ricardo is seeking, through the state court, to perform as a parent to the children and has been acting as such during the course of the guardianship dispute, he has a financial duty to pay a support obligation that arose during the exercise of his parental duties.

Plaintiff further argues that although fees to a guardian ad litem are not paid directly to the child they are still debts owed to the "child[ren] of the debtor" because the guardian acts on behalf of the children to protect their welfare. Plaintiff cites a number of cases holding guardian ad litem fees to be debts owed to the child of the debtor. Plaintiff asserts that these same cases find that these fees are indeed support because they are inextricably tied to the welfare of a child. Plaintiff argues that cases that declare debts to third parties nondischargeable are not overlooking the fresh start policy, but favor the policy of family support over the fresh start.

Lastly, plaintiff contends that the fees were earned pursuant to an "order of a court of record." Plaintiff relies on the state court order appointing the guardian and setting the fees.

## II. CONCLUSIONS OF LAW

### A. Summary Judgment

A party seeking summary judgment bears the initial burden of demonstrating that the pleadings, depositions, answers, and affidavits, if any, present no genuine issues of material fact, and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); FED. R.BANKR.P. 7056 (incorporating by reference

Fed.R.Civ.P. 56). Where the moving party satisfies this burden, the burden then shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A court considering a motion for summary judgment does not resolve factual disputes but must view all facts and inferences therefrom in the light most favorable to the non-moving party. *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1362 n. 1 (3d Cir.1996). There is no genuine triable issue unless there is sufficient evidence to permit a finding in favor of the non-moving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In the instant case, both parties agree that there are no disputed questions of fact, only legal issues regarding the application of section 523(a)(5). As such, the court will grant summary judgment to the party entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552–53.

## B. Applicable Law

■ The parties agree that the only Code section in question is section 523(a)(5). This section excepts from discharge any debt:

> to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—
>
> (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise . . .; or
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

11 U.S.C.A. § 523(a)(5). The plain language of this section sets forth a three-part test for determining debts to be nondischargeable. The debt must be 1) to "the child of the debtor"; 2) incurred for the "support" of the child; and 3) incurred "in connection with a separation agreement, divorce decree or other order of a court of record . . . or property

settlement agreement." 11 U.S.C.A. § 523(a)(5). *See Spear v. Constantine (In re Constantine )*, 183 B.R. 335, 336 (Bankr. D.Mass.1995).

### C. Defendants' Motion for Summary Judgment

#### 1. Motion regarding Defendant Ana Graciela Uriarte

■ It is clear that summary judgment should be granted in favor of defendant Ana Graciela Uriarte. Ana Graciela is not a party to the state court guardianship action. The court order requires defendant Ricardo Uriarte and certain maternal relatives of the children to share payment of the guardian ad litem fees and does not mention Ana Graciela Uriarte. Plaintiff has submitted no evidence that Ana Graciela owes any debt to the plaintiff. Therefore, summary judgment is granted in favor of defendant Ana Graciela Uriarte. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986); Fed.R.Bankr.P. 7056 (incorporating by reference Fed.R.Civ.P. 56).

#### 2. Motion regarding Defendant Ricardo Uriarte

Section 523(a)(5) requires that a debt be owed to the "child of the debtor" to be excepted from discharge. 11 U.S.C.A. § 523(a)(5). Defendants state that the children are not "child[ren] of the debtor" as required by the statute because defendant Ricardo Uriarte is not the father of the children, but their guardian. Furthermore, defendants claim that the debt does not fall within the statute because it is owed to the guardian ad litem and not the children themselves.

Plaintiff counters that New Jersey statutory law defines "child" as "anyone under 18 years of age" and "custody" as "the general right to exercise continuing control over the person of a child derived from court order or otherwise." N.J. Stat. Ann. § 9:3–38. Plaintiff further argues that defendants have been seeking through the state court to perform as parents of the children and, therefore, have the duties and obligations of natural parents and should not be able to evade their financial responsibilities to the children.

Finally, plaintiff cites a string of cases in which guardian ad litem fees were found to be debts to the child because they are inextricably intertwined with the child's welfare.

 As the plaintiff points out, it is clear that a debt owed to a third party is considered owed to the child if it is for the child's support. The pertinent case law is almost unanimous in holding that guardian ad litem fees are for the support of the child and are, therefore, a debt "to the child" under section 523(a)(5). *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1488 (10th Cir.1995);*Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir.1993); *Walter v. Neville (In re Neville)*, 1997 WL 419386 *1, *1 (Bankr.W.D.Tenn.); *Madden v. Staggs (In re Staggs)*, 203 B.R. 712, 722 (Bankr. W.D.Mo.1996); *Pleban v. O'Toole (In re O'Toole)*, 194 B.R. 629, 630 (Bankr.E.D.Mo. 1996); *Walker v. Laing (In re Laing)*, 187 B.R. 531, 532 (Bankr.W.D.Va.1995); *Constantine*, 183 B.R. at 336; *Baillargeon v. Stacey (In re Stacey)*, 164 B.R. 210, 212 (Bankr.D.N.H.1994); *Swartzberg v. Lockwood (In re Lockwood)*, 148 B.R. 45, 48 (Bankr.E.D.Wis.1992); *Heintz v. Tremblay (In re Tremblay)*, 162 B.R. 60, 62 (Bankr. D.Me.1993); *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291, 295 (S.D.N.Y.1991), *aff'd*, 964 F.2d 166 (2d Cir.1992); *Hack v. Laney (In re Laney)*, 53 B.R. 231, 235 (Bankr.N.D.Tex.1985). *But see, In re Lanza*, 100 B.R. 100 (Bankr.M.D.Fla.1989). As such, the fact that the debt is owed to the guardian ad litem and not to the children themselves does not remove the debt from section 523(a)(5). *Miller*, 55 F.3d at 1488; *Dvorak*, 986 F.2d at 941; *Neville*, 1997 WL 419386 at *1; *Staggs*, 203 B.R. at 722; *O'Toole*, 194 B.R. at 630; *Laing*, 187 B.R. at 532; *Constantine*, 183 B.R. at 336; *Stacey*, 164 B.R. at 212; *Lockwood*, 148 B.R. at 48; *Tremblay*, 162 B.R. at 62; *Peters*, 133 B.R. at 295; *Hack*, 53 B.R. at 235.

 Although fees owed to a guardian ad litem are considered debts to a child of the debtor, there is no evidence in either New Jersey state law or federal bankruptcy law to suggest that the term "child of the debtor" encompasses any relationship other than a parent/child relationship. It is true that New Jersey state law defines a child as "anyone under 18 years of age." N.J. STAT. ANN. § 9:2–13. Section 523(a)(5), however, does not except all debts to a "child" from discharge—the operative phase is "child of the debtor." A parental relationship is clearly suggested by this phrase. Absent a persuasive reason to the contrary, courts should attribute to the words of a statute their common meaning. *See, e.g., NLRB v. Amax Coal Co.*, 453 U.S. 322, 329, 101 S.Ct. 2789, 2794, 69 L.Ed.2d 672 (1981).

Interpreting "child of the debtor" to require a parental relationship is supported by the use of the term child in New Jersey statutory law. In describing parental obligations New Jersey statutes use the terms parent and child, *see* N.J. STAT. ANN. § 9:1–1 to 9:2–21, but when describing obligations of a guardian, the terms guardian and ward are used. *See* N.J. STAT. ANN. § 3B:12–51 to 3B:12–55.

The plaintiff does not take this plain language approach but makes a type of "equitable parenthood" argument. The plaintiff contends that the Silva children are "children of the debtor" in that defendant Ricardo Uriarte is financially responsible for the children as a parent because he has been seeking through the state court to perform as a parent of the children and has been acting as a parent to them during the course of the guardianship dispute. This is a mis-characterization of the defendant's actions and New Jersey state law. New Jersey state law defines a "parent" as "a natural parent or parent by previous adoption." N.J. STAT. ANN. § 9:2–13. The defendant is not the natural parent of the children and is not seeking to adopt the children. The defendant is the guardian of the children.

The responsibilities of a guardian differ from those of a parent in one crucial way. A guardian has the "power and responsibilities of a parent who has not been deprived of custody of his minor and unemancipated child, *except that a guardian is not legally obligated to provide for the ward from his own funds*" (emphasis added). N.J. STAT. ANN. § 3B:12–51. It is unclear from the papers how the children's financial needs are being met. There was a suggestion that

there may be a trust fund or similar fund for the children. The source of the children's support is, however, irrelevant. Even if Ricardo is supporting the children from his own funds, he is not legally obligated to do so. If he is not legally obligated to support the children, the obligation to pay their guardian ad litem is not an obligation for their support under section 523(a)(5). Moreover, an extensive review of the case law under section 523(a)(5) has not located any cases in which the debt declared nondischargeable pursuant to that section was owed by someone other than the parent of a child.

As a result of the foregoing, it is clear that according to the plain language of section 523(a)(5), New Jersey state law, and case law interpreting section 523(a)(5), the Silva children are not "children of the debtor." Defendant Ricardo Uriarte's debt to the plaintiff therefore does not meet the first element of the section 523(a)(5) test for nondischargeability in that it is not a debt to a child of the debtor.

### III. CONCLUSION

Support for purposes of both New Jersey state law and Code section 523(a)(5) is based upon a legal obligation to provide for a dependent from one's own funds. Since a guardian of the person of a minor appointed under N.J. STAT. ANN. § 3B:12–51 et seq. has no obligation to provide for his ward from his own funds, Ricardo's debt to the guardian ad litem cannot be in the nature of support within the meaning of Code section 523(a)(5).

Since the elements of a cause of action under Code section 523(a)(5) are in the conjunctive, and the plaintiff has not established the first element, it is unnecessary to address the other elements. Plaintiff's motion for summary judgment is denied and defendants' motion for summary judgment is granted. The defendants shall submit an order within ten (10) days under D.N.J.L.B.R. 9072–1(d).