**In re Kathleen R. SULLIVAN, Debtor.**

**Deborah W.A. Eliason, Plaintiff,**

**v.**

**Kathleen R. Sullivan, Defendant.**

**Bankruptcy No. 98–22032.**
**Adversary No. 98–2136.**

United States Bankruptcy Court, D. Connecticut.

May 13, 1999.

**245**

Deborah W.A. Eliason, Adams & Eliason, Enfield, CT, for plaintiff.

Kathleen R. Sullivan, Enfield, CT, pro se debtor.

### RULING DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY,
Bankruptcy Judge.

#### I.

Deborah W.A. Eliason ("Eliason"), the plaintiff in the above-entitled adversary proceeding, filed a motion for summary judgment on her complaint against Kathleen R. Sullivan ("the debtor"), contending a debt of $4,162.50 for legal services rendered as guardian ad litem of the debtor's grandchildren was not dischargeable pursuant Bankruptcy Code § 523(a)(5). The debtor, who has appeared pro se and filed an answer to the complaint, has failed to respond to Eliason's motion.

Fed.R.Civ.P. 56(c), made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7056, provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is enti-

tled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

There are no genuine issues as to any material fact in this proceeding. The following background is drawn from the pleadings and Eliason's moving papers.

#### II.

The debtor, maternal grandmother of Joshua Adam Sullivan ("Joshua") and Kasey–Leigh E. Sullivan ("Kasey"), whose mother is deceased, sought and was eventually granted custody of the two children in the Enfield Connecticut Probate Court. In the course of the custody proceedings, the probate court, on March 10, 1997, appointed Eliason as guardian ad litem for the children. Eliason continued as guardian ad litem until the debtor was awarded custody of Joshua on July 29, 1997 and Kasey on May 12, 1998.

On February 20, 1998, the probate court ordered the debtor to pay the guardian ad litem fees. Eliason thereafter sent the debtor a bill for $4,162.50 for guardian ad litem services, which the debtor has not paid. On May 8, 1998, the debtor filed a bankruptcy petition under Chapter 7. After this court granted Eliason relief from stay, she sought probate court approval of the reasonableness of her fees. The probate court issued a decree, dated December 16, 1998, finding Eliason's fees to be reasonable and approving them.

#### III.

Eliason contends that the debt owed her for her representing the interests of the minor children in the custody dispute "relates to the support of the children," (Eliason's Mem. at 3), and should be considered nondischargeable under § 523(a)(5)[1] of the

---

1. Section 523, Exceptions to Discharge, provides, in relevant part:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

    . . .

    (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or

Bankruptcy Code. She cites *In re Spong*, 661 F.2d 6 (2d Cir.1981) (holding that a debtor's obligation to pay the legal fees incurred by his former wife in connection with their divorce proceedings to be in the nature of alimony and support) in support of her argument that legal fees may be included within the definition of support.

## IV.

The debtor, as noted, has not responded to Eliason's motion for summary judgment. D.Conn.L.Civ.R. 9(a)(1), made applicable in bankruptcy by D.Conn. L.Bankr.R. 1001–1(b), provides that: "[u]nless otherwise ordered by the Court, all memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion.... Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion." D.Conn.L.Civ.R. 9(a)(1), incorporated by D.Conn.L.Bankr.R. 1(b). The court must determine, therefore, whether the pleadings provide sufficient grounds to deny the motion.

■ "The plain language of [§ 523(a)(5) ] sets forth a three-part test for determining debts to be nondischargeable. The debt must be 1) to 'the child of the debtor'; 2) incurred for the 'support' of the child; and 3) incurred 'in connection with a separation agreement, divorce decree or other order of a court of record ... or property settlement'." *Ceconi v. Uriarte (In re Uriarte* ), 215 B.R. 669, 672 (Bankr.D.N.J.1997) (quoting § 523(a)(5)).

■ There is no question that the probate court ordered the debtor to pay the fees at issue. The third requirement is, therefore, satisfied. However, two additional requirements remain before a debt may be considered nondischargeable under § 523(a)(5). "Although fees owed to a guardian ad litem are considered debts to a child of the debtor, there is no evidence in either ... state law or federal bankruptcy law to suggest that the term 'child of the debtor' encompasses any relationship other than a parent/child relationship." *Uriarte*, 215 B.R. at 673. Joshua and Kasey are the grandchildren, not the children, of the debtor. Eliason has cited no instance where a debt incurred on behalf of a child by a nonparent has been held nondischargeable under § 523(a)(5). In fact, in *Uriarte, Id.*, the bankruptcy court specifically held that this provision did not apply to the debt of a custodial grandparent for the fees of the grandchildren's guardian ad litem for services rendered during the custody proceedings. The court concluded that a grandchild is not a "child of the debtor," and the guardian ad litem debt, therefore, was held to be dischargeable. *Id.*

■ In addition, to be nondischargeable under § 523(a)(5), the debt at issue must be incurred for the "support" of the child. It is unclear from the pleadings whether the debtor was granted legal guardianship, as well as custody, of the children. However, even if she were their legal guardian, the Connecticut Supreme Court has held that:

> A guardian of a minor child has no legal obligation of support for that child. This conclusion is compelled by our statutes regarding guardianship, by the common law background of those stat-

support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (other than debts assigned pursuant to section 408(a)(3) of the Social Security Act, or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State); or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; 11 U.S.C. § 523.

utes, and by the policy undergirding those statutes and that common law.... Thus, for purposes of the financial obligation to support a minor child, a guardian has no greater legal obligation to support his or her ward than a stranger has. The policy behind these longstanding precepts is to protect the interests of minor children who are in need of guardianship protection. If a person, by accepting the obligations of the guardian of a minor child were also held to have the legal responsibility to support the child, the law would discourage the acceptance of such appointment. Such a result would, in the long run, undermine rather than further the interests of minor children.... To conclude otherwise would discourage family members from voluntarily undertaking such [guardianship] obligations and from coming forward to serve as guardians.... It is true, of course, that a guardian of a minor child acts in loco parentis. One of the essential purposes of establishing such a guardianship is that a responsible adult act in that fashion. That does not mean, however, that acting in loco parentis, which is the essence of a guardianship, imposes on the guardian the legal obligations of support.

*Favrow v. Vargas,* 231 Conn. 1, 18–21, 647 A.2d 731 (1994) (citations omitted).

Inasmuch as state law imposes no financial obligation on the debtor for the support of the children, the court concludes that the fees to the guardian ad litem, although imposed on the debtor by order of the probate court, are not in the nature of "support."

## V.

Because the fees owed by the debtor to Eliason were not incurred on behalf of a "child of the debtor," and were not in the nature of "support," the court concludes that they are not excepted from discharge under § 523(a)(5).

For the reasons stated above, Eliason's motion for summary judgment is denied. It is

SO ORDERED.