**In re Billy W. HARDIN.**

**Billy W. Hardin, Plaintiff,**

**v.**

**State of South Carolina Department Of Social Services, Defendant.**

**Bankruptcy No. 00–41297S.**
**Adversary No. 00–4069.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Jan. 29, 2001.

---

Gregory F. Bryant, Little Rock, AR, for debtor.

### ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS

MARY D. SCOTT, Bankruptcy Judge.

**THIS CAUSE** is before the Court upon the defendant's Motion for Judgment on the Pleadings, filed on December 28, 2000, to which the plaintiff has failed to respond.[1] This adversary proceeding was filed on May 16, 2000, seeking a determination of the dischargeability of child support pursuant to sections 523(a)(5) and (a)(15) of the Bankruptcy Code. No issues of spousal support are raised by the complaint, answer or pretrial submissions of the party.

With regard to section 523(a)(15), the complaint alleges that the child support is dischargeable because the debt was assigned to the State of South Carolina[2] and the debt constitutes a sufficient hardship that it should be discharged under section 523(a)(15).

Section 523(a)(15), added to the Bankruptcy Code in 1994, provides in pertinent part:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(15) *not of the kind described in paragraph (5)* that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debt-

---

1. A notice and opportunity to respond which directed the plaintiff to file a written response on or before January 19, 2001, was entered on January 4, 2001.

2. Section 523(a)(5) provides for nondischargeability of child support, but provides for an exception if the child support debt is assigned to another. Section 523(a)(5)(A), however, specifically excludes assignment to a State from the operation of the exception.

or is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

11 U.S.C. § 523(a)(15) (emphasis added). Under this provision, a marital debt, *not in the nature of support*, is presumptively nondischargeable unless the debtor can demonstrate that he does not have the ability to pay the debt or the benefit to her is greater than the detriment to her former spouse. *See* H.R. 5611, 140 Cong. Rec. H 10,770 (October 4, 1994)("Subsection (e) [of the Bankruptcy Reform Act] adds a new exception to discharge for some debts arising out of a divorce decree or separation agreement that are not in the nature of alimony, maintenance or support.").

■ It is clear from a reading of the statute that section 523(a)(15) is inapplicable to child support debts. The section begins with the qualifying phrase that it does not apply to debts which are excepted from discharge under section 523(a)(5). Section 523(a)(5) provides for the nondischargeability of child support. Since the obligation is one under section 523(a)(5), and, *therefore is excluded from the application* of section 523(a)(15), the debtor has no basis for asserting that his child support obligations are nondischargeable under section 523(a)(15).

Rule 12(f), Federal Rules of Civil Procedure, applicable to this proceeding pursuant to Rule 7012(b), Federal Rules of Bankruptcy Procedure, provides authority for the bankruptcy court to strike, *sua sponte*, from any pleading "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." The Court believes that the allegations and assertions in the complaint asserting that section 523(a)(15) provides for discharge of a child support obligation fails

to state a claim and is immaterial to the bankruptcy proceeding. The Bankruptcy Code provides explicitly that child support obligations are nondischargeable. Accordingly, on September 29, 2000, the Court entered an order striking the allegations from the complaint which assert that the debtor's child support obligations are dischargeable pursuant to section 523(a)(15).

The defendant now moves for judgment on the pleadings, requesting that the Court issue judgment on the remaining issue of whether the support obligations are dischargeable under section 523(a)(5). The allegations of the complaint with regard to section 523(a)(5) state that the State of South Carolina is the assignee of a judgment for child support arrearages and that the debt is dischargeable because "the creditor has taken the right for collection by right of assignment." The debtor's pretrial information expands upon this allegation, asserting that the state must demonstrate that it took the assignment in order to collect money the state paid to support the minor child, not merely for the purpose of collecting the money for the minor child or parent entitled to receive the support.

■ Section 523(a)(5) provides:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise (*other than* debts assigned pursuant to section 408(a)(3) of the Social Security Act,

*or any such debt which has been assigned* to the Federal Government or *to a State* or any political subdivision of such State).\* \* \*

11 U.S.C. § 523(a)(5)(A) (emphasis added). Thus, there is an exception to nondischargeability: if the debt is assigned, it may be discharged. The parenthetical within the exception, however, contains an exception to the exception. If the debt is assigned pursuant to section 408(a)(3) of the Social Security Act *or* if it is assigned to a state or federal agency, the debt is nondischargeable.[3] Thus, a child support obligation may not be discharged even if the obligation is assigned, so long as the assignment is to a state or federal entity. The dischargeability is not limited by the reasons for the assignment to the government agency.

██ Although the debtor has not expressly raised the issue, the complaints makes the assertion that the support obligation refers to a child who is now an adult. It is irrelevant that the child is, at the time of the bankruptcy case, an adult. *Richardson v. Edwards*, 127 F.3d 97, 100(D.C.Cir.1997); *Donelson v. State of Missouri Department of Social Services (In re Donelson )*, 153 B.R. 995, 997 (Bankr.W.D.Mo.1993) ("If the obligation was for child support the fact that the child has been able to grow up without the obligation being satisfied does not change the nature of the obligation."). Section 523(a)(5) requires only that the debt be in the nature of support and in connection with a divorce decree or other order of court.

Inasmuch as the pleadings in this adversary proceeding allege the undisputed facts that the debtor owes an obligation for child support which has been assigned to the States of South Carolina, *see In re Sullivan*, 234 B.R. 244 (Bankr.D.Conn. 1999) (stating requirements for exception to discharge in the nature of support for debtor's child), the defendant is entitled to judgment as a matter of law. Accordingly, it is

**ORDERED** that the defendant's Motion for Judgment on the Pleadings, filed on December 28, 2000, is GRANTED. A separate judgment shall be entered pursuant to Rule 9021.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and a decision having been duly rendered,

It is Ordered and Adjudged that the debts owed to the State of South Carolina Department of Social Services by the debtor Billy W. Hardin are determined nondischargeable in this bankruptcy proceeding pursuant to 11 U.S.C. § 523(a).

It is so Ordered.

---

**3.** The amendments to section 523(a) regarding a child support obligation are sufficiently broad and redundant to render the debtor's arguments specious. The first exception, that a debt assigned to a state as a condition to obtaining Aid to Families with Dependent Children, was enacted in 1981. Publ. L. No. 97–35, 95 Stat. 757. The 1984 amendment added the words "or any such debt which has been assigned to the Federal Government or to a State or any political subdivision of such State," Pub.L. No. 98–353, 98 Stat. 333, and thereby substantially broadened the exception. Finally, in 1996, Congress enacted redundant section 523(a)(18) which makes nondischargeable a debt owed under state law to a State or municipality that is in the nature of support and enforceable under part D of title IV of the Social Security Act. Publ. L. No. 104–193, 110 Stat. 2105 (Aug. 22, 1996). The 1996 amendment "is designed to eliminate any question as to the nondischargeability of state and municipal claims against support obligors." *Collier on Bankruptcy*, ¶ 523.24 at 523–109 (15th Rev.Ed.1998).