# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 10-6063

_____

In re:                                           *
                                                 *
John Joseph Phegley,                             *
                                                 *
         Debtor.                                 *
                                                 *
                                                 *
Sheri L. Phegley; David C. Stover,               *
                                                 *   Appeal from the United States
         Plaintiffs - Appellees,                 *   Bankruptcy Court for the
                                                 *   Western District of Missouri
             v.                                  *
                                                 *
John Joseph Phegley,                             *
                                                 *
         Defendant - Appellant.                  *
                                                 *

_____

Submitted:  January 11, 2011
Filed: January 25, 2011

_____

Before KRESSEL, Chief Judge, SALADINO, and NAIL, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

John Phegley appeals the bankruptcy court's[1] memorandum and order dated August 3, 2010, and the judgment pursuant thereto dated August 9, 2010, which determined that Mr. Phegley's debts for monthly maintenance payments and attorney's fees pursuant to a state court marriage dissolution proceeding are excepted from discharge pursuant to 11 U.S.C. § 523(a)(5). For the reasons stated below, we affirm.

BACKGROUND

John J. Phegley ("John") and Sheri L. Phegley ("Sheri") were married on May 9, 1998, and lived in Missouri. On June 3, 2009, the Circuit Court of Jackson County Missouri entered a Judgment and Decree of Dissolution of Marriage ("Decree") that dissolved the marriage of John and Sheri. The Decree provided, *inter alia*, that the parties were awarded joint physical and legal custody of the two minor children of the marriage. John was ordered to pay child support to Sheri in the amount of $325.00 per month.

The Decree further provided that John shall pay to Sheri:

> [T]he sum of one thousand two hundred fifty and 00/100 dollars ($1,250.00) per month as and for contractual maintenance for a period of forty-eight (48) months beginning on the 1st day of July, 2009 and continuing on the 1st day of each month until the final payment is due at which time [John's] maintenance obligation shall terminate; provided, however, that such maintenance may earlier terminate upon [Sheri's] remarriage or the death of either party.

---

[1] The Honorable Dennis R. Dow, Chief Judge, United States Bankruptcy Court for the Western District of Missouri.

In addition, John and Sheri were each awarded certain specified items of marital property and John was ordered to pay Sheri $32,371.98 as equalization of property. Finally, the Decree provided that John "shall pay a portion of [Sheri's] attorney's fees in the amount of nine thousand one hundred seventy-eight and 69/100 dollars ($9,178.69) . . . ."

On September 2, 2009, John filed a Chapter 13 bankruptcy petition. Subsequently, Sheri filed a complaint to determine dischargeability of indebtedness pursuant to 11 U.S.C. § 523. In the complaint, Sheri contended that the attorney's fees of $9,178.69 and the monthly maintenance payments of $1,250.00 are nondischargeable as domestic support obligations pursuant to U.S.C. § 523(a)(5).[2] John asserts that the debts are not domestic support obligations, but instead are a division of marital property and should not be excepted from discharge.

The bankruptcy court found that the maintenance payments and attorney's fees awarded in the Decree are nondischargeable as domestic support obligations pursuant to § 523(a)(5). John appeals.

STANDARD OF REVIEW

The determination of whether an award arising out of marital dissolution proceedings was intended to serve as an award for alimony, maintenance, or support, or whether it was intended to serve as a property settlement is a question of fact to be decided by the bankruptcy court. *Tatge v. Tatge (In re Tatge)*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997) (citing *Holliday v. Kline (In re Kline)*, 65 F.3d 749, 750 (8th Cir. 1995); *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992); *Williams v. Williams*

---

[2] Sheri also asserted that the debts were nondischargeable pursuant to § 523(a)(15), but the bankruptcy court previously ruled that since this was a Chapter 13 case, the § 523(a)(15) issue was not ripe for consideration. Thus, the trial dealt only with § 523(a)(5).

*(In re Williams)*, 703 F.2d 1055, 1056 (8th Cir. 1983).  We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo.  *First Nat'l Bank of Olathe v. Pontow (In re Pontow)*, 111 F.3d 604, 609 (8th Cir. 1997); *Sholdan v. Dietz (In re Sholdan)*, 108 F.3d 886, 888 (8th Cir. 1997); Fed. R. Bankr. P. 8013.

<u>DISCUSSION</u>

In its opinion, the bankruptcy court correctly identified the general legal principles applicable to this matter as follows:[3]

Pursuant to 11 U.S.C. § 101(14A), the term "domestic support obligation" means:

> [A] debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is –
> (A) owed to or recoverable by –
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> . . .
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;

---

[3]With only minor contextual modifications, the following description of the applicable legal standards is taken directly from the bankruptcy court's memorandum.

(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –

(i) a separation agreement, divorce decree, or property settlement agreement;

. . .

(D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

This definition was enacted by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") and has an impact throughout the Bankruptcy Code on issues of discharge, the automatic stay, priorities, exemptions, the means test, and the calculation of disposable income in a Chapter 13 case. *See In re Braun,* 2008 WL 2130313, 2 (Bankr. D. Neb. 2008). For purposes of the case at hand, discharge is at issue. Domestic support obligations are not discharged in Chapter 13 cases. *See* 11 U.S.C. § 1328(a) and 11 U.S.C. § 523(a)(5). Further, domestic support obligations are priority claims pursuant to 11 U.S.C. § 507(a)(1)(A). If, on the other hand, the obligation is not a domestic support obligation, it would fall under 11 U.S.C. § 523(a)(15), which obligations are not excepted from discharge in Chapter 13 cases, nor are they entitled to priority status. In this case, the requirements of § 101(14A)(A) and (C) are satisfied and not at issue; but whether the debt is in the nature of alimony, maintenance, or support as required under § 101(14A)(B) is the issue of this adversary proceeding.

The BAPCPA amendments that added § 101(14A) and altered §§ 523(a)(5) and (15) did not change the standard for whether an obligation is in the nature of support. *Id.* When deciding whether a debt should be characterized as one for support or property settlement, the crucial question is the function the award was intended to serve. *Adams v. Zentz,* 963 F.2d 197, 200 (8th Cir. 1992); *Boyle v. Donovan,* 724 F.2d

5

681, 683 (8th Cir.1984) (citing *Williams v. Williams (In re Williams),* 703 F.2d 1055, 1057 (8th Cir.1983)); *see Kruger v. Ellis (In re Ellis)*, 149 B.R. 925, 927 (Bankr. E.D. Mo. 1993) (finding that in order to determine whether an award represents a property settlement or a maintenance obligation, a court must look to the function an award was intended to serve).

Whether a particular debt is a support obligation or part of a property settlement is a question of federal bankruptcy law, not state law. *See Williams*, 703 F.2d at 1056. A divorce decree's characterization of an award as maintenance or alimony does not bind a bankruptcy court but is however a starting point for the determination of the award's intended function. *Id.*; *In re Hamblen*, 233 B.R. 430, 435 (Bankr. W.D. Mo. 1999) (due deference should be given to the state court's characterization of the award). The burden of proof under § 523(a)(5) is on the party asserting that the debt is nondischargeable. *Lineberry v. Lineberry (In re Lineberry)*, 9 B.R. 700, 706 (Bankr. W.D. Mo. 1981).

Factors considered by the courts in making this determination include: the language and substance of the agreement in the context of surrounding circumstances, using extrinsic evidence if necessary; the relative financial conditions of the parties at the time of the divorce; the respective employment histories and prospects for financial support; the fact that one party or another receives the marital property; the periodic nature of the payments; and whether it would be difficult for the former spouse and children to subsist without the payments. *Morgan v. Woods (In re Woods)*, 309 B.R. 22 (Bankr. W.D. Mo. 2004); *In re Tatge*, 212 B.R. 604, 608 (B.A.P. 8th Cir. 1997); *Schurman v. Schurman (In re Schurman)*, 130 B.R. 538, 539 (Bankr. W.D. Mo. 1991) (citing *In re Gianakas*, 917 F.2d 759 (3d Cir. 1990)).

Exceptions from discharge for spousal and child support deserve a liberal construction, and the policy underlying § 523 favors the enforcement of familial obligations over a fresh start for the debtor, even if the support obligation is owed

directly to a third party. *See Holliday v. Kline (In re Kline),* 65 F.3d 749 (8th Cir. 1995); *Williams v. Kemp (In re Kemp),* 242 B.R. 178, 181 (B.A.P. 8th Cir. 1999), *aff'd* 232 F.3d 652 (8th Cir. 2000).

After correctly describing the above legal standards, the bankruptcy court then proceeded to apply those standards to the facts of this case. First, in determining that the monthly maintenance payments awarded by the Decree did constitute domestic support obligations excepted from discharge pursuant to § 523(a)(5), the bankruptcy court noted that the Decree specifically held that the monthly maintenance payments were necessary so that Sheri could continue her education and pursue her teaching certificate and that she could not presently earn sufficient income to support herself. In addition, the Decree provided that the monthly maintenance payments would terminate upon death or remarriage. Those factors are indicative of domestic support obligations. As the bankruptcy court found, the state court "clearly took into account the parties' income and expenses, their employment at the time of dissolution and ability to obtain a job, [Sheri's] continuing schooling and whether [Sheri] could support herself without monthly maintenance payments during the time period that she was continuing her education." Those findings are clearly supported by the record and are not clearly erroneous.

John's primary argument on appeal is that the Decree granted the "maintenance" payments to Sheri only because John was awarded the marital asset referred to as "renewal premiums." As a former insurance agent, John was entitled to receive additional income if and when any insurance policies he had previously sold are renewed by the insured and the premiums are paid. Thus, the renewal premium income is contingent upon the policies being renewed, and John was awarded all of the rights to that potential income. His theory appears to be that the state court judge only awarded the "maintenance" payments as a way of dividing the contingent renewal premium income. However, as discussed in the preceding paragraph, that position simply is not supported by the record.

7

At oral argument, John's attorney took the position that the Eighth Circuit Court of Appeals was wrong in *Williams* and its progeny when it said that the court should look to the function the award was intended to serve when assessing whether an award was intended as support. Instead, he argues that the better approach is to look at the "source of the funding" for the award, rather than at the intent or function of the award. Even if we could entertain such an argument, we disagree that such an approach is the better way to proceed. In any event, this court simply cannot ignore the long-standing precedent from the Eighth Circuit Court of Appeals in *Williams*.

The bankruptcy court's determination that the function and purpose of the maintenance payments were to provide support to Sheri is amply supported by the record and will not be overturned.

The bankruptcy court also found that the attorney fee award was in the nature of support. The disparities in the parties' education, training, employment history, and earning capacity all led the bankruptcy court to find that the attorney fee award was made to balance those disparities and was, therefore, intended as support. The record supports the bankruptcy court's finding.

Accordingly, we affirm the decision of the bankruptcy court.

_____