# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 12-6070

_____

In re: Felicia McIntosh

*Debtor*

------------------------------

Felicia McIntosh

*Debtor - Appellant*

v.

John V. LaBarge, Jr.

*Trustee - Appellee*

Vantage Credit Union, its successors and assigns

*Creditor - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: May 14, 2013
Filed: June 10, 2013

_____

Before KRESSEL, SALADINO and SHODEEN, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

The Debtor, Felicia McIntosh, appeals from a November 30, 2012, order of the bankruptcy court[1] confirming her Chapter 13 plan over her objection. We have jurisdiction over this appeal from a final order of a bankruptcy court confirming a plan. *See* 28 U.S.C. § 158(b); *Zahn v. Fink*, 526 F.3d 1140 (8th Cir. 2008). For the reasons set forth below, we affirm.

BACKGROUND

Ms. McIntosh filed a voluntary petition for relief under Chapter 13 of Title 11 of the United States Code on July 12, 2012. By local rule, the bankruptcy court in the Eastern District of Missouri requires the use of a model form Chapter 13 plan (*See* Local Rule 3015-3(A)). Ms. McIntosh filed her plan using the mandatory model form and inserted certain non-standard language in paragraph 10, which is an otherwise blank paragraph labeled "Other."

On August 13, 2012, the trustee filed an objection to confirmation of Ms. McIntosh's Chapter 13 plan. Much of the trustee's objection was based on the language inserted in paragraph 10, which the trustee asserted was ambiguous, contradictory to the form, and inconsistent with the Bankruptcy Code. The trustee also asserted that the plan was inadequately funded.

Before the court could hear the objection, Ms. McIntosh filed a first amended plan to which the trustee filed essentially the same objection as he had to the first plan. A secured creditor, Vantage Credit Union, also filed an objection on the same grounds as the trustee. On September 19, 2012, a hearing was held on confirmation of the first amended plan and the objections. The only written order from the hearing was a text order dated September 19, 2012, stating that the confirmation hearing on

---

[1]The Honorable Barry S. Schermer, Chief Judge of the United States Bankruptcy Court for the Eastern District of Missouri.

the first amended plan was continued to October 17, 2012. However, the bankruptcy court's November 30, 2012, order that is the subject of this appeal states that at the hearing on September 19, 2012, the court "orally sustained the Trustee's objection to confirmation based on the language the Debtor added to Paragraph 10, and continued the confirmation hearing to October 17, 2012."

On September 25, 2012, apparently following the direction of the bankruptcy court, Ms. McIntosh filed a second amended plan. This time, she left paragraph 10 blank. Ms. McIntosh then promptly filed an objection to confirmation of her second amended plan on the grounds that the bankruptcy court previously sustained the objection of the trustee and refused to allow her to include certain specified language in paragraph 10 of the plan.[2] The confirmation hearing was held on October 17, 2012, and the bankruptcy court subsequently issued its order overruling Ms. McIntosh's objection to confirmation.[3] The court later issued a separate order confirming the second amended Chapter 13 plan. This appeal followed.

---

[2]Since the bankruptcy court's oral order sustaining the trustee's objection and denying confirmation of Ms. McIntosh's first amended plan on September 19, 2012, was interlocutory, Ms. McIntosh could not appeal that order. Instead, pursuant to the procedure established in this circuit, Ms. McIntosh was required to file a plan that would be acceptable to the court, object to that plan, and then appeal the confirmation order. Confirmation of a plan generally acts as a final order and an appellate court has jurisdiction over final orders, including the events and rulings leading up to that final order. *Zahn v. Fink*, 526 F.3d 1140, 1143 (8th Cir. 2008).

[3]The trustee had also objected to the second amended plan based on funding, which objection was overruled by the bankruptcy court. The trustee did not appeal.

## STANDARD OF REVIEW

The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *First Nat'l Bank of Olathe v. Pontow*, 111 F.3d 604, 609 (8th Cir. 1997). Issues committed to the bankruptcy court's discretion are reviewed for an abuse of that discretion. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 650-51 (8th Cir. 2005). "The bankruptcy court abuses its discretion when it fails to apply the proper legal standard or bases its order on findings of fact that are clearly erroneous." *Id.* at 651 (citation omitted).

## DISCUSSION

In her notice of appeal, Ms. McIntosh states that she is appealing from the bankruptcy court's November 30, 2012, order of confirmation and the court's denial of her objection to confirmation. In essence, by appealing the confirmation of her second amended plan, Ms. McIntosh is also appealing the bankruptcy court's earlier denial of confirmation of her first amended plan, as authorized by the Eighth Circuit's opinion in *Zahn v. Fink*.[4] In her brief, appellant identifies the issues on appeal as:

1. Whether Ms. McIntosh can add language to change the vesting period of a Chapter 13 plan to the date of discharge or dismissal of the Chapter 13 case (from the date of confirmation); and

2. Whether Ms. McIntosh can add plan language to seek agreement with secured creditors to have secured creditors release their liens upon "earlier of (a) the

---

[4]Notwithstanding this characterization, it should be noted that at oral argument, counsel for Ms. McIntosh was adamant that this is not an appeal of the order denying confirmation of the first amended plan – instead, it is an appeal of the bankruptcy court's confirmation of the second amended plan over her objection.

4

payment in full of the secured portion of their proof of claim, or (b) discharge under 11 U.S.C. § 1328."

Those "issues" generally describe two of the additional provisions that Ms. McIntosh had inserted in paragraph 10 of her original plan and her first amended plan, which were rejected by the court. Recognizing that her proposed paragraph 10 language (as set forth in her first amended plan and her objection to the second amended plan) included additional issues beyond the two presented on appeal, Ms. McIntosh included a footnote in her brief stating: "At the Bankruptcy Court below, the Debtor-Appellant Felicia McIntosh asked that court whether she could add additional sections to her Plan regarding rejection of executory contracts and co-obligor issues. Debtor-Appellant does not appeal those issues, and as such those issues are not before this Court." Appellant's Br. 1-2, n.2. Thus, we deem those claims abandoned and therefore waived. "A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." *Jasperson v. Purolator Courier Corp.*, 765 F.2d 736, 740 (8th Cir. 1985) (citations omitted); *see also Jenkins v. Winter*, 540 F.3d 742, 751 (8th Cir. 2008) ("Claims not raised in an opening brief are deemed waived.").

Thus, we are faced with a procedural dilemma. That is, Ms. McIntosh is appealing the order confirming the second amended plan over her objection, but only wants us to review part of her objection. She concedes the other material parts of her objection. Unfortunately, that concession is fatal to her appeal.

The second amended plan confirmed by the bankruptcy court is based on the model form plan authorized in the Eastern District of Missouri. No additional language has been added to paragraph 10 – the "Other" paragraph. Importantly, Ms. McIntosh did not object to *any* of the language or provisions included in her second amended plan, nor does she raise any such issues on appeal. Thus, it seems Ms. McIntosh is not asserting that the bankruptcy court erred in finding that the second

5

amended plan was a confirmable plan. Instead, she believes the bankruptcy court erred in overruling her plan objection which set forth her desire to include certain additional language in paragraph 10, which the court had previously rejected in denying confirmation of her first amended plan.

Specifically, Ms. McIntosh desired to add several provisions to paragraph 10, including: (i) a sentence providing that the paragraph 10 provisions shall expand, overrule, or supercede the form plan provisions; (ii) a paragraph stating that the Debtor rejects all executory contracts other than those secured solely by real property or those specifically assumed in the plan; (iii) a paragraph stating that creditors with secured claims shall retain their liens until payment in full of the secured portion of their proof of claim or discharge of the Debtor; (iv) a paragraph regarding creditors who have co-obligors; and (v) a paragraph stating that property of the estate will not revest in the Debtor upon confirmation, but instead will revest upon discharge, dismissal or other order of the court.

In his November 30, 2012, order, the bankruptcy judge provided a detailed analysis of each of the proposed paragraph 10 provisions and rejected them. However, the reality is that the bankruptcy court was never presented with (and therefore never rejected) a proposed plan that included only the two additions to paragraph 10 identified by Ms. McIntosh as issues on appeal. To the contrary, the second amended plan confirmed by the court had no additions to paragraph 10 and the first amended plan (and earlier versions) for which confirmation was denied had at least five additions to paragraph 10.

Ms. McIntosh has now abandoned many of her proposed additions to paragraph 10, thereby conceding the propriety of the bankruptcy court's denial of confirmation of her earlier plans that included those additions. A court cannot strike some paragraphs and keep some paragraphs in order to confirm a plan – it must accept or reject the plan as a whole. *In re Haukos Farms, Inc.*, 68 B.R. 428, 437 (Bankr. D.

Minn. 1986) (stating that "a Bankruptcy Court cannot confirm parts of a plan and reject others. A plan proposed by a party must either be confirmed or rejected in its entirety."); *In re View Cleveland LLC*, Case No. 09-55035, 2010 WL 5240043 (Oct. 4, 2010). Thus, because Ms. McIntosh concedes that one or more of her proposed additions were appropriately rejected, the bankruptcy court properly denied confirmation of the first amended plan.

It would be inappropriate for us to review the bankruptcy court's rejection of just the two issues raised by Ms. McIntosh in this appeal in isolation from the other provisions rejected by the court, and conceded by Ms. McIntosh, because the bankruptcy court never had the opportunity to review such a plan or a plan objection. "As a general rule, we will not consider issues not presented to the bankruptcy court in the first instance." *First Bank Investors' Trust v. Tarkio College*, 129 F.3d 471, 477 (8th Cir. 1997) (citing *Pester Ref. Co. v. Mapco Gas Prods., Inc. ( In re Pester Ref. Co.)*, 845 F.2d 1476, 1486 (8th Cir. 1988) and *Hofer v. Merchants State Bank*, 823 F.2d 271, 272 (8th Cir. 1987) (per curiam) (noting that issue would not be considered on appeal where debtor did not present issue to bankruptcy court by complaint or by motion to reconsider and did not raise issue in designation of issues appealed to district court)).

"Chapter 13 plan confirmation issues requiring statutory interpretation are subject to de novo review." *Forbes v. Forbes (In re Forbes)*, 215 B.R. 183, 187 (B.A.P. 8th Cir. 1997). In performing a de novo review, the court must independently determine whether the bankruptcy court reached the correct legal conclusion on the basis of the facts found. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *Finstrom v. Huisinga*, 101 B.R. 997, 998 (D. Minn. 1989). Since Ms. McIntosh conceded that the bankruptcy court was correct in rejecting some of her proposed additions to paragraph 10, there was no error in the bankruptcy court's denial of confirmation of the first amended plan and its rejection of her objection to confirmation of her second amended plan. Therefore, we affirm the bankruptcy court.

We do recognize that counsel for Ms. McIntosh has presented this appeal as a challenge to the use of model plans to curtail a debtor's substantive rights under the Bankruptcy Code. Although we have decided this appeal on other grounds, we nevertheless agree with the bankruptcy court's conclusion that the proposed additions as a whole made the plan ambiguous, conflicted with other preprinted provisions of the plan, and appear to be counsel's attempt to substitute his own boilerplate plan language for the language approved in the Eastern District of Missouri.

The bankruptcy court in the Eastern District of Missouri has established a local rule requiring the use of a model plan form. A local rule must "(a) [be] consistent with the Bankruptcy Code in that it does not 'abridge, enlarge, or modify any substantive right,' as required by 28 U.S.C. § 2075 and (b) [be] 'a matter of procedure not inconsistent with' the Bankruptcy Rules as required by Bankruptcy Rule 9029." *McGowan v. Ries (In re McGowan)*, 226 B.R. 13, 19 (B.A.P. 8th Cir. 1998) (quoting *Indus. Fin. Corp. v. Falk (In re Falk)*, 96 B.R. 901, 904 (Bankr. D. Minn. 1989) (en banc) (internal quotation marks omitted)). The adoption of a uniform plan helps promote efficiency and assists the court in carrying out its duty of ensuring a proposed plan satisfies the requirements of the Bankruptcy Code. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 130 S. Ct. 1367, 1381 n.14 (2010) ("[§] 1325(a) . . . *requires* bankruptcy courts to address and correct a defect in a debtor's proposed plan even if no creditor raises the issue.").

Contrary to the assertions of counsel for Ms. McIntosh, the model plan form in use in the Eastern District of Missouri does not infringe upon a debtor's substantive rights under the Bankruptcy Code and the bankruptcy court did not issue a blanket rejection of a debtor's ability to include language in paragraph 10 of the plan form dealing with the two issues raised on appeal. Instead, the bankruptcy court considered the specific proposed language and rejected it as, among other things, inconsistent, confusing, and contrary to the Bankruptcy Code. Notably, the court did

not prohibit Ms. McIntosh from adding any language to paragraph 10 dealing with the two issues on appeal – instead, it simply rejected the language she proposed.

<u>DECISION</u>

Accordingly, we affirm the decision of the bankruptcy court.

_____