# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6010

_____

In re: Kimberly L. Hernandez

*Debtor*

------------------------------

Kimberly L. Hernandez

*Debtor - Appellant*

v.

Nebraska Department of Health & Human Services

*Claimant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the District of Nebraska - Lincoln

_____

Submitted: July 25, 2013
Filed: August 8, 2013

_____

Before KRESSEL, SCHERMER and SHODEEN, Bankruptcy Judges.

_____

KRESSEL, Bankruptcy Judge

Kimberly L. Hernandez appeals from an order of the bankruptcy court[1] allowing a claim filed by the Nebraska Department of Health and Human Services in the amount of $924.39 as a priority debt in the nature of a domestic support obligation. The only issue on appeal is whether the debt owed to the DHHS is a debt in the nature of support of a child under 11 U.S.C. § 101(14A)(B). We hold that it is and affirm.

**Background**

Kimberly L. Hernandez, the appellant, has two children. Hernandez separated from the children's father, Laureano Martinez-Sanchez, in 1997. Hernandez and Martinez-Sanchez never married.

A state court order entered on February 21, 1997 required Martinez-Sanchez to pay $422.00 per month in child support to Hernandez. Income withholding from Martinez-Sanchez 's pay was authorized to enforce the order and payments were directed to Hernandez.

Martinez-Sanchez died on June 16, 2005.

One of Hernandez's children was committed to the care, custody and control of the Nebraska DHHS on June 11, 2007. She remained in out-of-home foster care through December 22, 2008. The DHHS paid for all costs of care during this period at a rate of $65.03 per day until June 30, 2008, which increased to $68.00 per day on July 1, 2008.

---

[1] The Honorable Timothy J. Mahoney, United States Bankruptcy Judge for the District of Nebraska

2

Shortly thereafter, the DHHS informed Hernandez that the child support payments pursuant to the state court order had recommenced. The parties presume that someone stole Martinez-Sanchez's identity and was working under his social security number. The DHHS paid $1,898.94 to Hernandez through September 2011. The DHHS's claim is roughly 50% of this total: $924.39. The $924.39 represents the amount that DHHS should have retained since it was supporting one of Hernandez's children. The remaining 50% is attributed to care for the child who remained at home with Hernandez.

During the time Hernandez was receiving child support payments from the presumed identify thief, the state of Nebraska spent $6,047.79 to pay for her child's out-of-home foster care.

On January 17, 2008, the DHHS sent Hernandez notice of an administrative determination that the child support payments attributable to the state ward's care should have remained with the DHHS to defray the foster care expenses. Two additional notices were sent in February. The deadline to appeal the determination was April 17, 2008–90 days after the initial notice was sent. Hernandez took no action.

Hernandez filed a chapter 13 petition on April 6, 2012. The DHHS objected to confirmation of her plan for failure to identify her debt to the DHHS as a priority domestic support obligation and failure to provide for full payment of the debt as required by 11 U.S.C. § 1322(a)(2). A confirmation hearing was held on October 3, 2012 and the bankruptcy court sustained the DHHS's objection and denied confirmation of Hernandez's plan by order on November 8, 2012.

The bankruptcy court held that the source of the child support payments is not relevant to an analysis under 11 U.S.C § 101(14A) and that the debt is owed to or recoverable by a governmental unit, is in the nature of support of the debtor's child,

was established by a determination made by the DHHS under applicable non-bankruptcy law, and it has not been assigned to a non-governmental entity–meeting all necessary requirements under § 101(14A).

Hernandez filed a timely notice of appeal. In the Eighth Circuit, an order denying confirmation of a proposed plan is not a final, appealable order. *See Zahn v. Fink (In re Zahn)*, 526 F.3d 1140 (8th Cir. 2008). Accordingly, we dismissed Hernandez's interlocutory appeal.

Hernandez then objected to the DHHS's characterization of the claim as a "priority as it was not child support." A hearing on the objection was held and the matter taken under advisement. By order dated February 15, 2013, the bankruptcy court adopted its earlier holding that the DHHS's claim was a priority claim and overruled Hernandez's objection. Hernandez filed a timely notice of appeal. We have jurisdiction to hear this appeal. 28 U.S.C. § 158(b).

**Standard of Review**

We review factual findings for clear error and legal conclusions *de novo*. *Temperato Revocable Trust v. Unterreiner (In re Unterreiner*), 699 F. 3d 1022 (8th Cir. 2012).

**Analysis**

On appeal, Hernandez argues that it is a slippery slope "to include payments from an undocumented worker who stole the identity of the father" as a domestic support obligation assigned to a governmental unit. Hernandez also accuses the DHHS of knowing the payments were fraudulently collected, not taking any action to stop the payments and asserts that the only proper claim the DHHS could make is under § 523(a)(2)–but that because Hernandez didn't commit any fraud, the debt

4

should be dischargeable.  Finally, she argues that the bankruptcy court should not have deferred to the DHHS's determination that the nature of the debt was for child support.

The DHHS argues that under state law, it had a right to all of the proceeds for the state ward's support.  The DHHS also points to Eighth Circuit case law noting that the standard for determining whether a debt is in the nature of support is the function the award was intended to serve, *Stover v Phegley (In re Phegley)*, 443 B.R. 154, 157 (B.A.P. 8th Cir. 2011), without regard to the source of payment, and that a determination of the nature of the debt is a finding of fact subject to the clearly erroneous standard.  *Id* at 156.

The elements for determining that a debt is a domestic support obligation for purposes of this appeal are that the debt is:

A) owed to governmental unit;
B) in the nature of support of a child of the debtor;
C) established before the date of the order for relief by a determination made in accordance with applicable nonbankruptcy law by a governmental unit;    and
D) not assignable to a nongovernmental entity.

*See* 11 U.S.C. § 101(14A)

Hernandez has conceded elements A, C, and D.  The parties agree that the only issue on appeal is whether the debt Hernandez owes the DHHS is in the nature of support for her child.  In denying Hernandez's objection, the bankruptcy court held that the DHHS's determination of the debt carried the day.  Hernandez argues that it was improper for the bankruptcy court to defer to the Nebraska DHHS's determination that the debt was in the nature of support of a child, citing *Williams v.*

5

*Williams (In re Williams)*, 703 F.2d 1055, 1057 (8th Cir. 1983) ("Though we of course regard the decisions of the state courts with deference, bankruptcy courts are not bound by state laws that define an item as maintenance or property settlement, nor are they bound to accept a divorce decree's characterization of an award as maintenance or a property settlement."). While we agree with *Williams*; Hernandez's argument is misplaced.

During the confirmation hearing, the bankruptcy court made an independent determination that the nature of this debt is that of a domestic support obligation–meeting all four of the required elements. The bankruptcy court relied on the DHHS's determination to satisfy element C–that the debt was established before the date of the order for relief by a determination made in accordance with applicable nonbankruptcy law by a governmental unit. Hernandez has conceded this element.

The bankruptcy court made its own determination that the debt was in the nature of support of the debtor's child satisfying element B. We agree with the bankruptcy court. The fact that the DHHS is only seeking 50% of the total paid to Hernandez implies that had both of Hernandez's children been residing at home, the DHHS would not have sought to recoup any of the funds. During the four months Hernandez received these payments, the state spent over $6,000 caring for her child. The bankruptcy court did not err by finding that this relatively small debt is "in the nature of support of the debtor's child."

The debtor's remaining arguments lack merit.

**Conclusion**

The decision of the bankruptcy court is AFFIRMED.

_____

6