# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 20-6007

_____

In re: Lewis E. Amos

*Debtor.*

_____

No. 20-6015

_____

In re: Lewis E. Amos

*Debtor.*

_____

Lewis E. Amos,

*Debtor – Appellant,*

v.

Robin L. Carpenter f/k/a Robin Amos, and Flesner Wentzell, LLC

*Creditors - Appellees*

_____

Appeals from United States Bankruptcy Court
for the Eastern District of Missouri – St. Louis

_____

Submitted:  December 7, 2020
Filed: February 1, 2021

_____

Before SHODEEN, DOW and SANBERG, Bankruptcy Judges.

SHODEEN, Bankruptcy Judge.


Lewis Amos appeals the Bankruptcy Court's[1] entry of summary judgment in favor of Flesner Wentzel, LLC, and confirmation of his Sixth Amended Chapter 13 Plan.  For the reasons that follow, we affirm.

## BACKGROUND FACTS

The following facts are undisputed based upon the parties' stipulation and exhibits.

In December 2011 Lewis and Robin Amos obtained a divorce.  Based upon the evidence and applicable law the dissolution judgment entered by the state court ordered Lewis Amos to pay Robin Amos (hereinafter "Carpenter") monthly child support of $529 for the couple's five children.  Less than a year later, Amos filed a Motion to Modify Judgement and Decree of Dissolution seeking a reduction in the amount of his child support due to a decrease in his income, and a change in the residential custody and visitation arrangements.  Carpenter countered this motion by alleging that both of the parties' incomes had changed, the children's expenses had increased and Amos was not exercising his visitation rights.  These filings triggered multiple disputes between the parties that resulted in litigation spanning five years.[2]  Substantial evidence was supplied to the trial court in support of the parties' respective allegations.

---

[1] The Honorable Kathy Surratt-States, United States Bankruptcy Judge for the Eastern District of Missouri.

[2] The details of the multiple filings in the state court are set forth in the Joint Fact Stipulation.

The state court's review of the evidence resulted in a Finding and Judgment of Modification that increased Amos' monthly child support obligation and gave Carpenter sole custody of the children. The court also ordered him to pay one-half of Carpenter's attorney[3] fees amounting to $17,793.91. Amos appealed this outcome focusing on the trial court's income calculation analysis. Finding no error, the Missouri Court of Appeals affirmed the trial court's order in its entirety. The state court also imposed fees in two other matters. Attorney fees in the amount of $4,547.00 were assessed related to a Writ of Habeas Corpus and Motion for Family Access filed by Carpenter due to Amos' interference with custody of one of the couple's minor children. In an action to Set Aside Transfer and Motion for Contempt, the state court concluded Amos had willfully refused to pay child support as ordered and required him to pay $9,000 in attorney fees.

Amos filed a chapter 13 bankruptcy petition on October 12, 2017. In his filings, the attorney fees were identified as general unsecured claims. Flesner filed three proofs of claim totaling $31,740.90 for attorney fees the state court ordered Amos to pay, plus interest. Each of these claims was characterized as domestic support obligations, to which Amos objected. Flesner also filed an adversary proceeding to determine the dischargeability of the attorney fees, which Amos contested.

The parties filed cross-motions for summary judgment in the adversary proceeding that were supported by their joint stipulation of facts and respective exhibits. Based upon a detailed analysis of that record the bankruptcy court determined that the attorney fees owed to Flesner qualified as domestic support obligations and entered summary judgment in its favor for the full amount of its claims. As a result of this outcome, Amos was directed to file a plan that properly

---

[3] Carpenter was represented by the firm Flesner Wentzel, LLC ("Flesner").

3

treated payment of the attorney fee claims as domestic support obligations. A Sixth Amended Plan, was confirmed over Amos' objection.[4]

This appeal followed. Taken together, the issues raised by Amos in his Notice of Appeal result in a sole question: whether the undisputed facts establish that the attorney fees owed to Flesner constitute domestic support obligations under the bankruptcy code.

## STANDARD OF REVIEW

A bankruptcy court's grant of summary judgment is reviewed *de novo*. *Mwesigwa v. DAP, Inc.*, 637 F.3d 884, 887 (8th Cir. 2011) (citing *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 518 (8th Cir. 2010)). We will affirm if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any basis found in the record may support our conclusion. *Seaver v. New Buffalo Auto Sales, LLC (In re Hecker)*, 459 B.R. 6, 11 (B.A.P. 8th Cir. 2011); *Schoelch v. Mitchell*, 625 F.3d 1041, 1046 (8th Cir. 2010). Here we review *de novo* whether the bankruptcy court's conclusions interpreting the relevant statutes and applying them to the undisputed facts is correct. *Fisette v. Keller (In re Fisette)*, 455 B.R. 177, 180 (B.A.P. 8th Cir. 2011); *Checkett v. Sutton (In re Sutton)*, 365 B.R. 900, 904 (B.A.P. 8th Cir. 2007). This same standard of review is applicable to plan confirmation issues. *Wegner v. Grunewaldt*, 821 F.2d 1317, 1320 (8th Cir. 1987); *In re McIntosh*, 491 B.R. 905, 910 (B.A.P. 8th Cir. 2013); *Forbes v. Forbes (In re Forbes),* 215 B.R. 183, 187 (B.A.P. 8th Cir. 1997).

---

[4] To preserve his right to appeal confirmation of the plan Amos filed an objection again alleging the amounts did not qualify for treatment as a domestic support obligations. *See Zahn v. Fink (In re Zahn),* 526 F.3d 1140 (8th Cir. 2008).

## DISCUSSION

The determination of whether a debt is a domestic support obligation, as that term is defined in the bankruptcy code, is strictly a question of federal law. *In re Williams,* 703 F.2d 1055, 1056 (8th Cir. 1983). The bankruptcy code defines domestic support obligations, in part, as alimony, maintenance or child support ordered by a court of record to a former spouse, child or child's parent. 11 U.S.C. S101(14A). Such debts are excepted from discharge under 11 U.S.C. §523(a)(5) and are entitled to priority payment before most other creditor claims pursuant to 11 U.S.C. §507(a)(1). Labels assigned by the state court are not binding on a bankruptcy court "[w]hen deciding whether a debt should be characterized as one for support . . . the crucial question is the function the award was intended to serve." *Phegley v. Phegley (In re Phegley)*, 443 B.R. 154, 157 (B.A.P. 8th Cir. 2011) (citing *Adams v. Zentz*, 963 F.2d 197, 200 (8th Cir. 1992)); *Boyle v. Donovan*, 724 F.2d 681, 683 (8th Cir. 1984) (citing *In re William*s, 703 F.2d at 1057); *Kruger v. Ellis (In re Ellis),* 149 B.R. 925, 927 (Bankr. E.D. Mo. 1993). A liberal construction governs the analysis of what constitutes support to fulfill the legislative purpose of §523(a)(5). *In re Phegley,* 443 B.R. at 158 ("policy . . . favors the enforcement of familial obligations over a fresh start for the debtor . . .").

By statute, Missouri law permits fees and costs to be awarded to counsel in domestic law cases under certain circumstances. The relevant statutes give authority to a court to: 1) order a party to pay reasonable costs to the party maintaining or defending a proceeding involving dissolution of marriage and related issues, including, but not limited to: child support, custody, visitation and property division; and 2) order payment of legal fees in a proceeding where failure to pay child support is without good cause. In any of these scenarios the court may order amounts be paid directly to the attorney who can then enforce the order in their own name. R.S.Mo § 452.355.

Amos reasons that because the state court did not specifically identify the Missouri statue it relied upon in ordering the attorney fees the award must be

5

construed as punishment for his litigation conduct. This argument has been rejected under facts nearly identical to those in this appeal. *In re Trentadue,* 527 B.R. 328, 330-31 (Bankr. E.D. Wis. 2015), *aff'd sub nom. Trentadue v. Gay*, 538 B.R. 770 (E.D. Wis. 2015), *aff'd sub nom. In re Trentadue*, 837 F.3d 743 (7th Cir. 2016).

> While the children's mother may be a better provider than the debtor, taking on expensive custody litigation will invariably have an adverse affect on the children, both financially and emotionally. The debtor owes a duty to his children not to take on unnecessary litigation directed at them, so he has to pay for it when he does.

*In re Trentadue,* 527 B.R. at 355; *see also Lockwood v. Lockwood,* 148 B.R. 45, 48 (Bankr. E.D. Wis. 1992) ("Both economic and noneconomic factors can be vital to children's interests, and separating these factors is not realistic."). Contrary to Amos' premise that the bankruptcy court failed to evaluate the purpose and function of the attorney fees awarded, its ruling specifically addressed and denied a claim described as domestic support which Carpenter filed for $1,500 in fees imposed as a sanction against Amos for discovery failures. The bankruptcy court not only considered Amos' argument that those attorney's fees were imposed for punishment of his litigation conduct, it agreed with him as to that claim.

In his brief, Amos states: "[t]he 8th Circuit requires a bankruptcy court to consider the financial disposition of the parties in the context of the award." He further contends the bankruptcy court "had an independent duty" to make a factual determination on the financial condition of the parties. And, finally, that the bankruptcy court incorrectly and exclusively relied upon the state court's determinations. These arguments are not persuasive and lack legal merit for the following reasons.

First, this Circuit has actually rejected the concept that a "needs test" is necessary to determine support obligations in bankruptcy. *Draper v. Draper*, 790 F.2d 52, 54 (8th Cir. 1986) quoting *In re Harrell*, 754 F.2d 902, 906 (11th Cir. 1985)

6

("The statutory language [of 11 U.S.C. § 523(a)(5)] suggests a simple inquiry as to whether the obligation can legitimately be characterized as support . . . . The language does not suggest a precise inquiry into financial circumstances to determine precise levels of need or support; nor does the statutory language contemplate an ongoing assessment of need as circumstances change.").

Second, Amos seeks to impose a duty on the bankruptcy court to engage in an independent determination of the facts related to the state court's award of attorney fees. Such action is not warranted under the procedure he selected.

> Cross-motions for summary judgment present peculiar problems. The court must consider each motion on the record provided and must take care not to confuse its limited role in passing on such a motion (that is, to determine whether the moving party is entitled to judgment as a matter of law on the undisputed material facts) with the role it would play were the parties to submit their case for decision on a stipulated record.

*Cowell v. Hale (In re Hale),* 289 B.R. 788, 792 (B.A.P. 1st Cir. 2003). A court's role in the context of summary judgment is not to weigh evidence to determine the truth of an assertion, instead it is only to determine whether there is a genuine issue of material fact requiring determination at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Third, family law cases are specifically reserved to state, not federal, courts for determination. *Simms v. Simms*, 175 U.S. 162, 167 (1899); *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States."). In *Amos v. Carpenter*, the state court concluded Amos deliberately manipulated his income and assets to avoid payment of child support. Amos' own testimony confirms he would rather be incarcerated than meet his child support obligations. It also did not find Amos' income information credible or

consistent. Amos clearly disagreed with these findings and now seeks a different result under the bankruptcy court's consideration of the same evidence. "[A] federal district court does not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings." *Snider v. City of Excelsior Springs*, 154 F.3d 809, 811 (8th Cir. 1998). The Rooker–Feldman doctrine "forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions." *Portwood v. Young (In re Portwood)*, 308 B.R. 351, 355 (B.A.P. 8th Cir. 2004).

Citing *Adams v. Zentz* for support, Amos maintains the bankruptcy court incorrectly applied a per se rule that all attorney's fees incurred by a party enforcing or defending rights to child support payments or custody are domestic support obligations. 963 F.2d 197. Amos construes this case much broader than its holding permits. In reaching a conclusion that the attorney fees owed by Zentz were not domestic support obligations under the bankruptcy code, the bankruptcy court in that case relied upon the state court's "continuing focus, not upon how the child's welfare was threatened by her loss of contact with her natural father, but rather upon how Zentz's conduct had impaired Adam's ability to maintain a relationship with his daughter." *Id.* at 200 (citations omitted). In *Amos* the state court recognized there were disputes between the parties, but its findings of fact are replete with instances where Amos' conduct directly effected the well being of the parties' children. The order also specifically stated the facts demonstrated a change in circumstances, which required modification of the original decree to best serve the interests of the children.

A majority of courts agree that attorney fee awards related to enforce or defend issues involving child support, visitation or custody that effect the welfare of the children do qualify as domestic support obligations.[5]

---

[5] See *Baillargeon v. Stacey (In re Stacey),* 164 B.R. 210 (Bankr. D.N.H. 1994); *In re Peters*, 133 B.R. 291 (S.D.N.Y. 1991); *Jones v. Herbert (In re Herbert)*, 304 B.R. 67 (Bankr. E.D.N.Y. 2004); *Sinton v. Blaemire (In re Blaemire)*, 229 B.R.

In its ruling, the bankruptcy court engaged in a specific and detailed analysis of the undisputed facts and legal authority. Upon our *de novo* review we identify no error in the conclusion that the attorney fees imposed on Amos by the state court are domestic support obligations under the bankruptcy code and are therefore not dischargeable pursuant to 11 U.S.C. §523(a)(5). Based upon this conclusion confirmation of Amos' Sixth Amended Plan that provided for priority treatment of Flesner's attorney fee claims as domestic support obligations was appropriate.

Accordingly, we AFFIRM the bankruptcy court's decisions.

_____

665 (Bankr. D. Md. 1999); *In re Hudson*, 107 F.3d 355 (5th Cir. 1997); *Snider v. Snider (In re Snider)*, 62 B.R. 382 (BC S.D. Tex. 1986); *Rugiero v. DiNardo (In re Rugiero),* 502 F. App'x 436 (6th Cir. 2012); *Eden v. Robert A. Chapski, Ltd*., 405 F.3d 582 (7th Cir. 2005); *Rehkow v. Lewis,* No. AZ-05-1395-AMoS, 2006 Bankr. LEXIS 4870, (B.A.P. 9th Cir. Aug. 17, 2006); *Jones v. Jones (In re Jones),* 9 F.3d 878 (10th Cir. 1993); *In re Lowther*, 321 F.3d 946 (10th Cir. 2002); *Wiggins v. Wilson (In re Wilson)*, 380 B.R. 49 (Bankr. M.D. Fla. 2006).